## Appeal of James E. Gowen, Trustee.

1. A testator by his will left one fifth of the residue of his estate to the child or children of his daughter A. in case a child or children should be born unto her and should survive her. But in case she died without leaving issue then the said one fifth to go to B. and others. A. was about thirty-eight years old at the testator's death and was married. She was afterwards divorced from her husband, and when the trustee of the said one fifth share filed his sixth account, she was fifty-six years old and childless. B. et al. claimed that under the circumstances, the court should act upon the assumption that A. would never have any children, and decree a distribution of the fund, held by the trustee, among them, without waiting for A.'s death.

   *Held*, that such distribution should be made at once, upon B. et al. giving security in form and amount to be approved by the Orphans' Court to secure to the trustee or his successor, the amount properly due, in case a child should afterwards be born unto A. and survive her.

2. The distribution of such fund is governed by equitable principles, which are different from those by which the question of indubitable title to real estate is governed.

3. List *v.* Rodney, 2 Norris, 483—distinguished.

April 9, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, and STERRETT, JJ. GREEN and CLARK, JJ., absent.

APPEAL from the Orphans' Court of *Philadelphia county :* Of January Term, 1884, No. 321.

Appeal by James E. Gowen, trustee, from a decree of said court, dismissing exceptions filed by said trustee to the report of an auditor, appointed to audit and settle his accounts and to report distribution of the fund in his hands as executor and trustee under the last will and testament of Thomas Mellon deceased.

Before the auditor (George M. Dallas, Esquire), the following facts appeared ; Thomas Mellon died in January 1866 leaving a will wherein after making certain devises and bequests he provided as follows :

" *Twelfth.*—The rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath as follows, to wit: one fourth part thereof absolutely to each of my daughters, Eliza M. Rogers, Clara Mellon, and Julia Mellon, their heirs and assigns ; and the remaining fourth part of said residue and remainder to my said executors and the survivors and survivor, and the heirs and assigns of said survivor, *in trust*, to have and to hold the same with all accretions and accumulations therefrom until the youngest surviving child of my said son, Charles H. Mellon, shall attain the age

of twenty-one years, whereupon the whole of said fourth part of said residue together with its accretions and accumulations shall be equally divided among the children of my said son, Charles H. Mellon, then living, and the issue (if any) of every deceased child, such issue to take equally among them his, her or their parent's share, and no more. . . . . . and I direct my said executors and the survivors and survivor of them, and the heirs and assigns of said survivor, as to the said one fourth part of the residue so left in trust, to invest from time to time in good securities, such as I now hold, the rents, issues, profits and income thereof when and as often as the same shall accrue until the youngest surviving child of my said son, Charles H. Mellon, shall have attained the age of twenty-one years, or until all of said children shall have died before attaining that age and without leaving issue as aforesaid, whichever event shall first happen, and thereupon the said fourth with all its accretions and accumulations shall go to and be divided and distributed as already provided and directed in this article of my Will."

By a codicil bearing even date with the said will, the testator, after reciting the above twelfth article, further directed as follows:

"Now, it is my will that the said twelfth article of my said will shall be altered, as follows: In case my daughter, Amanda M. Waller, shall have a child or children born of her or issue who, viz., the said child, children or issue, shall survive her, I direct that an equal share of my residuary estate, viz., one fifth thereof, shall go to said child, children or issue, the said share (one fifth) to be held in trust until the death of my said daughter Amanda, and then in further trust to divide and distribute the said fifth among the child, children and issue of my said daughter Amanda, as directed in the twelfth article of my said will as to the children of my deceased son, Charles H. Mellon. But if my said daughter Amanda shall die without leaving issue, the twelfth article of my said will shall remain unchanged and as is therein provided and directed. And I confirm my said will, except as aforesaid."

The testator left surviving him one son, Thomas H. Mellon, four daughters, Amanda M. Waller, Eliza M. Rogers, Clara Mellon (afterwards Harriman), and Julia Mellon (afterwards Harriman), and four children of his son Charles H. Mellon, the latter having died before the testator.

Testator's daughter, Mrs. Amanda M. Waller, for whose unborn children provision was made by the codicil, was born in April, 1828; married when twenty-four years of age, in April, 1852, and was between thirty-seven and thirty-eight years of age at the death of the testator. She lived with her

10 Outerbridge.—19.

[Gowen's Appeal.]

husband from their marriage until the year 1867 (some fifteen years), when they separated, and in 1871 she obtained a divorce from him. She has never had any children, and was about fifty-six years old when these proceedings were begun.

As trustee for the unborn children of Mrs. Waller, under the above will, James E. Gowen filed his sixth account, from which it appeared that the value of the trust estate in his hands applicable to the trust for said unborn children, was about $64,000. This was the product of the accumulation since the death of the testator of the income of the one fifth of the residuary estate provided for by the above clause of the will and the codicil.

Upon the audit of this account, which was undisputed, it was claimed by those who would become entitled to the fund embraced in the account, in the event of the death of Mrs. Waller without leaving issue, that under the circumstances of the case, the court were entitled to act upon the assumption that Mrs. Waller would never have any children, and to decree, therefore, that distribution should be made at once among said claimants of the accumulations of the one fifth devised and bequeathed by the codicil to the trustee, in trust for such unborn children.

The auditor sustained this contention and directed distribution accordingly.

Exceptions filed to this finding were dismissed by the court, PENROSE, J., delivering the opinion, and a decree entered directing distribution as recommended by the auditor, upon the delivery to the trustee, by each of the distributees of " his or her written obligation (in which in the respective cases of Eliza M. Rogers, Clara Harriman, and Julia Harriman, each of their husbands shall respectively unite) to refund to the said accountant or his successor in the trust the securities received or the then value thereof, in case the said Amanda M. Waller shall hereafter have a child lawfully born to her, and the said child shall survive her."

Whereupon the trustee took this appeal, assigning for error the decree of the court, directing the immediate distribution of the fund; instead of requiring it to be held by the trustee until the death of Amanda W. Waller.

*James E. Gowen* (with whom was *Francis I. Gowen*), for appellant.—The only purpose of the appellant in taking the present appeal was to submit to this court the question whether the result reached by the auditor and the court below in the present case is consistent with the decision of this court in the case of List *v.* Rodney, 2 Norris, 483. In that case it was held that a purchaser of real estate would not be compelled

[Hackett *v.* Carnell.]

to accept a title the validity of which depended upon a presumption that a certain woman then of the age of seventy-five years would not have children, because the law would presume that the possibility of bearing children exists even where a woman has long passed the usual child-bearing period.

*John G. Johnson*, for appellees.

Chief Justice MERCUR, delivered the opinion of the court, April 21, 1884.

The distribution of a fund is governed by a rule somewhat different from that by which the question of indubitable title to real estate is determined. When a title to land is liable to be impaired or defeated by the subsequent birth of a child, the rule is as declared in List *v.* Rodney, 2 Norris, 483. We adhere to that case as a correct exposition of the law when applied to the question of ability to convey real estate by a good and marketable title in fee simple. The distribution of this fund is governed by principles of equity. Those principles are in harmony with the Acts of 24th February, 1834, and of 17th May, 1871: Purd. Dig., 449. They provide for the delivery of personal property held subject to a contingency, on security being given in such form and amount as the Orphans' Court deems sufficient to secure the interests of those who may thereafter be entitled to the same. Under the unquestioned facts in the present case, we think the contingent rights are fully protected by the order of the court requiring security to be given. We see no error in the decree to require correction.

> Decree affirmed and appeal dismissed at the costs of the appellant.