## Bell v. Lebanon County Trust Company, Trustee

*L. E. Meyer*, for petitioner.

EHRGOOD, P. J., December 30, 1948.—This matter is before this court upon a petition to terminate the trust set up under a voluntary declaration of trust by petitioner, Elizabeth M. Hottenstein (now Elizabeth Hottenstein Bell), dated May 31, 1944. The pertinent provisions of the trust agreement provided petitioner assign and deliver unto the Lebanon County Trust Company, as trustee, certain securities and mortgage participations in a total sum of $60,000, particularly set forth and described in Schedule A attached to the trust agreement, in trust, for the following purpose, namely: "(a) To pay over the net income in at least quarter annual installments, to the trustor (petitioner), as long as she shall live. (b) To pay and deliver to the trustor in five years from the date hereof, upon the request of the trustor, Fifteen Thousand Dollars ($15,000.00) in cash or securities, and upon the decease of the trustor, the trustee shall pay over the principal sum and any income remaining, to the issue of trustor in equal shares, and in default of issue to the estate of the trustor. (c) This trust is hereby declared to be irrevocable and it shall not at any time, or by any person or persons, be capable of

modification in any manner, except that the trust res may be increased by addition thereto made by the trustor, which property so increasing the trust res shall immediately become subject to all the conditions of this trust".

The trustee accepted said trust and has executed the same to the date hereof.

On October 31, 1947, the petitioner requested the said trustee to pay over to her the sum of $15,000 out of the principal of the same, which request was honored by the trustee, whereby the value of the principal assets of the trust at the time that this petition was presented is the sum of $45,000, consisting of securities remaining in the hands of the trustee.

Upon the presentation of the petition, this court appointed a trustee ad litem for any unborn children of petitioner, she being married but childless. An answer was filed to the petition by the trustee ad litem.

The petition alleges, inter alia, that petitioner is married, childless, and is physically incapable of having any children, having been so advised by competent physicians, wherefore she is desirous of terminating and revoking said trust and prays this court to order and decree that the trust be terminated and the trustee directed to deliver over to petitioner the remaining principal and income in said trust after deducting all proper costs.

Hearings were held by this court on June 17, 1948, and December 21, 1948, at which time testimony was presented on behalf of petitioner relating to the possibility of petitioner conceiving and bearing children. Petitioner is now 27 years of age. The testimony of four medical witnesses was taken, who examined petitioner and who testified that in their opinion it was impossible for petitioner to conceive and bear children. One of the medical witnesses is on the staff of the

Hahnemann Medical College of Philadelphia, being an instructor in said medical college, and on the staff of the Department of Gynecology, who testified that he examined petitioner on July 8, December 2, and December 7, 1948, for the purpose of determining the status of petitioner's pelvic organs and the possibility of pregnancy, at these times. The type of test carried out was of the cervical region and organs, the pelvic organs being X-rayed and, in addition thereto, a Rubin's Test was made by tubal infiltration.

The medical testimony indicates that the tests which were made, and upon which the opinions of the medical witnesses were based, were in accordance with the accepted medical and surgical practice in use by the medical profession to determine whether or not a female is capable of conceiving and bearing children. The unanimous opinion of the medical witnesses produced was that both Fallopian tubes of petitioner were occluded and that it is impossible for her to become pregnant now or in the future. Further, that this condition, due to an infection, cannot be changed by operative procedure, which said medical witnesses stated that they would refuse to advise under the circumstances here present.

At the time of hearing, petitioner, through her counsel, further proposed that an order of this court, terminating the voluntary deed of trust, be conditioned upon petitioner furnishing a refunding bond in the sum of $40,000 to the trustee, conditioned that the trust and trust principal be reëstablished with the Lebanon County Trust Company, as trustee, in the event that at any time in the future any child or children should be born to petitioner, to include an assignment of any interest which petitioner had in certain other trust funds now being administered by the Lebanon County Trust Company, for the benefit

of petitioner. For the purpose of establishing the security of such refunding bond the following testimony was produced. The Lebanon County Trust Company is the trustee under the will of the father of petitioner, who died in 1933, of a trust, the principal sum of which is $215,000. Under the provisions of this trust petitioner receives the income currently on the entire fund, and will receive 30 percent of the principal of the trust at age 30, namely, October 19, 1951, and at age 40 she will receive one half of the remainder of the principal, and the remaining balance of trust principal at age 50. There is no provision under the will creating this trust preventing an assignment of petitioner's interest therein. In addition thereto petitioner is the beneficiary under a deed of trust provided by her father, under date of June 28, 1929. The principal of this trust is the sum of $25,000. This trust provides that she shall receive one fourth of the principal thereof at age 45.

It, therefore, appears that in the event of the death of the life tenant, survived by issue, the issue take the corpus and undistributed income. However, if the life tenant dies without issue, the corpus and undistributed income become part of her estate. There is no provision made for a remainder over in the event that petitioner die without issue.

Although petitioner is but 27 years of age, the competent expert medical testimony is that life tenant is unable to conceive and bear children. Under the terms of the trust, should life tenant now die, there would be no heirs to take. The corpus of the trust consists entirely of personal property and in view of all of the facts and circumstances here present, there would seem to be no point in continuing the trust, as it would bring about an absurd result.

In Austin's Estate, 315 Pa. 449, it was said, inter alia, "In some cases, such as Daly's Est., 26 D. R.

299, where it appeared, from medical testimony, that the woman was physically incapacitated, and Mellon's Est., 16 Phila. 323, Gowen's App., 106 Pa. 288, and Van Beil's Est., 18 D. R. 512, the trusts have been terminated, where all parties presently interested desired it, on the entry of appropriate security, . . ." Under the circumstances here present, petitioner is the only party presently interested.

While we are of the opinion this petitioner is unable to conceive and bear children, inasmuch as she is but 27 years of age and there is a legal presumption that a woman may give birth to children no matter what her age, this contingency, under the circumstances here present, can safely be met by petitioner giving the refunding bond, heretofore referred to.

And now, to wit, December 30, 1948, for the reasons aforesaid, the voluntary trust created by Elizabeth M. Hottenstein Bell on May 31, 1944, is hereby terminated, conditioned upon her executing and delivering to Lebanon County Trust Company, trustee, a refunding bond conditioned upon the establishing and replacing the principal of said trust, if and upon her giving birth to a natural child at any future time, said bond to contain an assignment of her interest in certain trusts created for her benefit under the will of her deceased father, and under a voluntary deed of trust by her father, under which the Lebanon County Trust Company, of Lebanon, Pa., is the trustee, as security for the refunding bond; and the Lebanon County Trust Company, of Lebanon, Pa., trustee under the voluntary deed of trust, is ordered and directed to file an accounting of its trusteeship and to pay to Elizabeth M. Hottenstein Bell the corpus and accumulated income of said trust, less its proper charge, as set forth in the trust agreement.