## Sensenig Estate

S. *Richard Harr*, for petitioner.

BOWMAN, P. J., February 16, 1961. — Agnes E. Harsh was born July 11, 1903, thus being in her 58th year. She is the life beneficiary of a trust established under the provisions of the will of this decedent, with the remainder, at her death, "to be divided equally and share alike between her children."

On November 29, 1960, the Farmers Bank and Trust Company of Lancaster, trustee for the use of Agnes E. Harsh, filed what it designated as a "First and Final Account," which account shows corpus in the amount of $9,555.70 and income of $66.68. That account is now before us for audit. It was filed, as set forth in the petition for adjudication, to afford an opportunity to the cestui que trust to present a petition to terminate the trust.

By her petition, which we now consider, the life beneficiary has asked this court to terminate the trust and award the corpus to her absolutely. Attached to the petition is the joinder of her two children, Eugene S. Harsh and LeRoy S. Harsh, in which they certify that they received notice of the intended presentation of the petition and interpose no objection to the termination. The trustee has likewise joined in the petition and interposes no objection. Also attached to the petition are the assignments of the life beneficiary's children, Eugene and LeRoy, of their interests in remainder to their mother, the life beneficiary.

Petitioner alleges that because of her age it is impossible for her to bear children and by reason thereof the only parties in interest in the trust are herself and her two sons, Eugene and LeRoy, of the age of 28 years and 25 years, respectively. The trust contains no spendthrift provisions and there is nothing in the instrument creating the trust which would preclude termina-

tion, other than the possibility of the life tenant having additional children.

It has been held that a trust may be terminated even though it may not have ceased by expiration of time and all of its purposes may not have been accomplished, if all interested parties are sui juris and give their consent to its termination: Harrar's Estate, 244 Pa. 542; Stafford's Estate, 258 Pa. 595.

For many years there was an irrebuttable presumption of law that an individual was capable of having issue until the date of his death, irrespective of his age or physical incapacity: Sterrett's Estate, 300 Pa. 116 (1930); Straus' Estate, 307 Pa. 454 (1932). However, as was pointed out by Judge Lefever in Kelby Estate, 80 D. & C. 1, 3:

"This inflexible rule has been relaxed in recent years to recognize the practicalities rather than pure theory." We quote from his opinion in that case, p. 3: "Accordingly, women have been judicially determined to be incapable of having issue upon medical proof of the performance of a hysterectomy. . . . Likewise, women have been determined to be incapable of having issue upon the basis of medical testimony that they had completed the menopause or had reached an age at which medical statistics indicated that child bearing would not occur: Leonard's Estate, 60 D. & C. 42 (1947); Lare's Estate, 57 D. & C. 163 (1946); Barnsley's Estate, 59 D. & C. 653 (1947); . . . and Gowen's Appeal, 106 Pa. 288 (1884)."

From the testimony submitted in the instant matter we find that the life tenant has experienced menopause and that the last menstrual period occurred in the year 1954. Dr. William F. Hartman, who specializes in obstetrics and gynecology, and who is on the staff of the Lancaster General Hospital in obstetrics and gynecology, testified that he made a physical examination of the life beneficiary, and it is his opinion that be-

cause of changes in, and the impairment of, the repro-
ductive organs the birth of any additional children to
Mrs. Harsh is not only improbable but physically im-
possible. His examination corroborated the testimony
of the life beneficiary as to the cessation of menstrua-
tion. Dr. Hartman also testified that notwithstanding
her age, if the life beneficiary were 47 years of age,
he would as a result of his examination reach the same
conclusion that he now does at the life beneficiary's
age of 57 years.

In Barnsley's Estate, 59 D. & C. 653 (1947), Judge
Holland reviewed the law on this subject and cited the
following quotations from City Bank Farmers' Trust
Co. v. United States, 74 F. 2d 692, 694 (1935) :

" 'It is true that the medical books contain a trifling
number of cases, how well authenticated we do not
know, where women 59 years of age and over have
borne children. But, since verification of offspring to
women 55 years and over began to be attempted by
the United States Department of Commerce, there
have been from the years 1923 to 1932, inclusive, no
recorded births to such women. During that period
the total number of births was 20,389,873, without a
single child having been born to a woman of 55 years
or over. In view of the statistics, we may conclude that
the chance that the life tenant here would have issue
after the death of the testator was negligible . . . the
statistics show that in the case of a woman between
50-54 years of age there is the slight chance of .0001
that she may have children. Therefore, while it is not
necessary to say that possibility of issue must be
treated as extinct among women between 50 and 54
years of age, it seems clear that those beyond the latter
age are to be regarded as wholly past childbearing.' "

We are satisfied from the evidence that the impos-
sibility of the life tenant bearing any more children
is established. Therefore, since all parties in interest

are sui juris, and all their interests are vested, and the remaindermen have assigned their respective interests to the life tenant, thus merging the two estates, there is no reason why the termination of the trust should not be decreed. See Stafford's Estate, supra: Sharpless' Estate, 151 Pa. 214. We enter the following

### Decree

And now, February 16, 1961, it is hereby ordered, adjudged and decreed that the trust created under the last will and testament of Martha A. Sensenig, deceased, be and is hereby terminated. Effect to this decree will be given in the adjudication to be filed of the account of the trustee now before us for audit.