402 A.2d 657

**ESTATE of Ralph E. WEEKS, Deceased.**

**APPEAL of Ann Weeks WHITE, Ralph E. Weeks, II and John W. Hardie, Trustees.**

Supreme Court of Pennsylvania.

Argued April 19, 1979.

Decided May 31, 1979.

Reargument Denied July 9, 1979.

H. R. Van Deusen, Jr., Scranton, for appellant.

Joseph C. Kreder, Henkelman, McMenamin, Kreder & O'Connell, Lawrence M. Ludwig, Scranton, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

By his will, Ralph E. Weeks placed the major portion of his estate in trust for his heirs. He gave to his widow and to each of his children a life interest in the income of the testamentary trust (the issue of any deceased child taking per stirpes) and directed that the trust terminate upon the death of his last surviving child. The principal of the trust was to be distributed per capita to his grandchildren. Weeks died on September 28, 1950. Since then Elizabeth W. M. Weeks (his widow) and John P. Weeks (one of his four children) have died. Testator's three surviving children have each renounced their interest in the income of the testamentary trust.

The first and final account of the trustees and a petition for distribution were called for audit on June 8, 1976. In the petition for distribution, appellants, individual trustees of the Weeks trust, sought to terminate the trust and to accelerate distribution of the trust principal to the remainder beneficiaries, testator's grandchildren. Appellee, the Northeastern Bank of Pennsylvania, in its capacity as institutional trustee, opposed the petition for distribution. It argued that the trust cannot be terminated until the class of remainder beneficiaries is closed and that the class will not be closed until the death of all the settlor's children eliminates the possibility of additional grandchildren.

In its adjudication of September 10, 1976, the Orphans' Court of the Court of Common Pleas of Lackawanna County, refused to permit accelerated distribution of the trust

res. The orphans' court held that the "clear intent" of the testator required that this trust continue until the death of all of the settlor's children, and that the court, therefore, could not effect an earlier termination of the trust. Appellants' exceptions to the adjudication were dismissed by the court en banc and the decree of the auditing judge affirmed. We reverse.

The only question before us on appeal is whether testator's surviving children's renunciations accelerate distribution of the trust corpus. The *Restatement (Second) of Trusts* (1959) makes clear, that

"[t]he mere fact that the settlor has created a trust for successive beneficiaries does not of itself indicate that it was a material purpose of the trust to deprive the beneficiaries of the management of the trust property for the period of the trust. If a trust is created for successive beneficiaries, in the absence of circumstances indicating a further purpose, the inference is that the only purpose of the trust is to give the beneficial interest in the trust property to one beneficiary for a designated period and to preserve the principal for the other beneficiary, and if each of the beneficiaries is under no incapacity, and both of them consent to the termination of the trust, they can compel the termination of the trust."

§ 337, Comment f. See also, *Bonham Estate,* 393 Pa. 355, 143 A.2d 50 (1958); see, *Sensenig Estate,* 24 D. & C.2d 348, 57 Lanc.Rev. 427 (1961); *Dingee's Estate,* 109 Pa.Super. 455, 167 A.2d 369 (1933); *Johnson v. Provident Trust Company of Philadelphia,* 280 Pa. 255, 124 A. 436 (1924). Where "it does not appear that the settlor had any other purpose in creating the trust than to enable the beneficiaries successively to enjoy the trust property, then beneficiaries can compel the termination of the trust." A. Scott, *The Law of Trusts,* § 337.1 (3d ed. 1967). See also, *Blough Estate,* 474 Pa. 177, 378 A.2d 276 (1977).

Testator provided:

"This Trust shall continue and be in force until the death of the last one of my children mentioned above, at

which time this trust shall cease and principal then remaining and any undistributed income shall be divided share and share alike among all the grandchildren then living as a class, the issue of any deceased grandchild taking the parent's share by right of representation." The settlor's will contained no spendthrift or other restrictive provision.

■ The only apparent purpose of the Weeks estate trust is to provide some measure of support for the deceased's widow and his children and to preserve the corpus for the settlor's grandchildren. Once, as here, all sui juris life beneficiaries have renounced their interests, termination of the trust does not undermine any material purpose of the trust, just as in these circumstances continuation of the trust would not promote any material purpose of the trust.

If there is any bar to early termination of this trust, it can only be the existence of contingent beneficiaries, that is additional grandchildren. This Court, however, has long held that distribution of trust funds is governed by principles of equity rather than the conclusive common law presumption of "fertility unto death." *Appeal of Gowen,* 106 Pa. 288 (1884); see also *Blough Estate,* supra; *Walker Estate,* 62 D. & C.2d 536, 23 Fiduc.Rep. 617 (Wash.1973); *Case Estate,* 84 D. & C. 123 (Bucks 1952); *Kelby Estate,* 80 D. & C. 1 (Phil.1952); *Homes Estate,* 66 D. & C. 612 (Del.1949); *Barnsley's Estate,* 59 D. & C. 653 (Mont.1947); *Bowen Estate,* 3 D. & C.2d 401 (Phil.1955). The conclusive presumption in favor of fertility has been rejected, as well, at the federal level. E. g., *United States v. Provident Trust Company,* 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793 (1934); *Bank Farmer's Trust Co. v. United States,* 74 F.2d 692 (2d Cir. 1935).

■ We continue to adhere to the equitable view that "court[s] should permit the termination of the trust if the possibility of the birth of children is negligible." Scott, supra, § 340.1; see also, *Restatement (Second) of Trusts,* § 340, Comment e ("Contingent interest certain never to vest: . . . If unascertained beneficiaries are the chil-

dren of a designated woman, and the woman is beyond the age of child bearing or otherwise physically incapable of bearing children, the court may terminate the trust.") Accord, *Brooke's Estate,* 214 Pa. 46, 63 A. 411 (1906). Briefs for both parties aver that the surviving life beneficiaries are all women over sixty years of age.

The facts here are sufficient to permit unconditional termination of the trust. Equitable principles, however, also permit termination to be made conditional "on security being given in such form and amount as the Orphans' Court [sic] deems sufficient to secure the interests of those who may thereafter be entitled to same." *Appeal of Gowen,* supra, 106 Pa. at 291. We therefore vacate the decree of the orphans' court and direct the entry of an appropriate decree terminating the trust.

Decree vacated, case remanded for further proceedings consistent with this opinion. Each party pay own costs.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now here ordered and adjudged by this Court that the decree of the Court of Common Pleas, Orphans Court Div., Lackawanna COUNTY, be and the same is hereby vacated, case remanded for further proceedings consistent with this opinion. Each party pay own costs.