**In the Matter of: Application of Charles K. Jones, Robert Bisbee and Elmer R. Mehuron, Trustees of the George A. Joslyn Library Fund**

[415 A.2d 202]

No. 238-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 8, 1980

Motion for Reargument Denied April 24, 1980

*Albert A. Raphael, Jr.,* Waitsfield, for Petitioners.

*Theriault & Joslin,* Montpelier, for Respondents.

**Larrow, J.** The petitioners below, trustees under a 1913 trust agreement entered into by the settlor, George A. Joslyn (hereinafter called the private trustees), sought a cy pres order under 14 V.S.A. § 2328 authorizing a departure from the literal terms of the agreement on the grounds of impossibility or impracticality of enforcement. The general purpose of the trust, which contained limitations on annual expenditures, was for book purchases and building repairs to the Joslin Memorial Library in the Town of Waitsfield. The selectmen of the Town did not appear, and the Attorney General declined to intervene. The public trustees of the Library, however, answered, moved to dismiss the petition, asked for a declaration of the rights of the parties, and counterclaimed for money realized from the 1934 sale of a reversionary interest in real estate by the Town of Waitsfield, with interest, asserting that these moneys were wrongfully held by the private trustees. Known as the "Bucklin money," so-called, this sum was later stipulated to and paid over to the public trustees.

The trial court (1) treated the motion to dismiss as a motion for summary judgment, and granted it, and later (2) construed the original trust instrument. A previous interlocutory order had denied the motion of the private trustees for summary judgment on the asserted counterclaim. The private trustees have appealed the grant of summary judgment against them, and the public trustees have appealed the construction of the trust instrument. Only questions of law are involved in this appeal, the parties having stipulated below to the amounts of "book money" and "repair money" in the George A. Joslyn Fund as of July 1, 1977.

At the outset, we note that the trial court's judgment order made no mention of that part of the public trustees' counterclaim which asserted entitlement to the Bucklin money, so-called, the amount realized from the 1934 sale of the reversionary interest of the Town of Waitsfield. Ordinarily, the failure to judicially determine this claim would result in the lack of a final appealable judgment under V.R.C.P. 54(b). But it is apparent from argument here that the parties stipulated to the liability of the private trustees upon this item of the counterclaim and to its amount, and that payment has

been made. The failure of the judgment order to recognize this can only be an oversight, and we will do so in our entry order so that the remainder of the judgment order below, containing the subject matter of this appeal, will have the aspect of finality requisite to our jurisdiction. *Menard* v. *Newhall*, 135 Vt. 53, 373 A.2d 505 (1977).

The two questions presented by these cross-appeals are closely related and in large degree interdependent. The trial court has, in effect, refused to apply the cy pres doctrine because it did not consider the trust instrument to be either impossible or impractical of enforcement, within the requirements of 14 V.S.A. § 2328. The other reason for application of the doctrine, illegality, is not here in question. It also found the settlor's charitable intent to be specific, rather than general.

Having so determined, it went on to construe the provisions of the instrument. If that construction, or a modification thereof, is supportable, it follows that no grounds exist for application of the cy pres doctrine. And it is noteworthy that although the original corpus of the trust, $5,000.00, has increased, as of January 1, 1977, to $13,659.50, the unchallenged conclusion of the trial court was that this increase was due principally to the refusal of the private trustees to pay over, from time to time, the sums requested by the public trustees within the limitations of the trust instrument. As of the date in question, the stipulated balance in the book fund was $5,826.91, comprised of $3,125.00 principal and $2,701.96 unexpended income. Similarly, the balance in the repair fund was $7,832.59, of which $1,875.00 was principal and $5,957.59 unexpended income. Present income runs slightly in excess of $1,000.00 per year.

Extensive quotation from the trust instrument does not appear to be a requisite for determination of these appeals. In summary, there was (1) an express purpose to create a fund to be expended under the direction of the library trustees (public trustees) chosen by the Town of Waitsfield under applicable Vermont statutes; (2) a deposit in trust of $5,000.00 with the named trustees; (3) a directed annual payment to the public trustees, upon request, of a sum not to exceed $400.00, from income or principal, for books and building repairs, limited to $250.00 for books and $150.00 for

repairs; (4) a provision that the private trustees "may" pay over the unexpended balance in any year, in any subsequent year, with a limitation on expenditure of book balances to that purpose and of repairs balances to that purpose; (5) a further provision expressly limiting expenditures to the stated purposes, both as to income and principal, and to the expressed proportions, i.e., ⅝ for books and ⅜ for repairs; and (6) a provision for any failure of the Town to choose public trustees, authorizing the private trustees, in that event, to expend the fund and its accumulations in the manner and the amounts provided. A remaining provision, not here material, dealt with the selection of successor trustees.

The private trustees have cited several cases from other jurisdictions dealing with the general applicability of the cy pres doctrine to a trust whose income has become excessive in light of a stated limit on expenditures, in the presence of a general charitable intent on the part of the settlor. This general charitable intent is a prerequisite, under 14 V.S.A. § 2328, to our application of the doctrine. *Ball* v. *Hall*, 129 Vt. 200, 274 A.2d 516 (1971). The cases cited fail of applicability here, however, in light of the trial court's determination that the settlor's intent was specific rather than general. Not only is there no claim that this determination can be upset as clearly erroneous under V.R.C.P. 52(a), but it seems to be clearly supported by the terms of the instrument itself, as above summarized. Books for the library and repairs to the library building were the expressed, specific purpose of the trust, and no general charitable intent appears, either expressly or by inference. Significant also, as we have pointed out, is the finding that the present balances in the fund are due in large measure to the dereliction of the private trustees in not paying over funds to the public trustees when requested. This fact, with the provision for payment over of unexpended balances in any subsequent year, effectively negates the allegation that the trust purpose is either impossible or impractical of enforcement. We are not persuaded by the specious argument that the carryover provision for payments is limited to one year because of the use of the singular words "annual balance." Such construction is illogical in the face of the words, "in *any* subsequent year." (Emphasis supplied.)

228

The trial court, for the reasons stated, correctly granted summary judgment, dismissing the original complaint of the private trustees which sought application of the cy pres doctrine. The trust instrument is not a complicated one, and the unambiguous, expressed intent of the settlor must be given effect. *Destitute of Bennington County* v. *Putnam Memorial Hospital*, 125 Vt. 289, 215 A.2d 134 (1965). And, having in mind that the original instrument contemplated invasion of the corpus, we cannot say that present honoring of past requests by the public trustees, or present payment over of unrequested past balances, discretionary with the private trustees, would not completely exhaust the trust assets. Not only is general charitable intent not shown, but neither is impracticality or impossibility of enforcement.

The public trustees, in their appeal, assert that the trial court erred in its construction of the trust instrument. That portion of the "Final Judgment Order" which construes the instrument is as follows:

2. The trust instrument is construed as follows:

The public trustees of the library of the Town of Waitsfield may request from the private trustees of the George A. Joslyn Library Fund in any year, in addition to the annual appropriation, $400 for each previous year in which no disbursement was made, and for years in which partial disbursement was made, $400 for each such year, less the amount of the partial distribution made. The public trustees must affirmatively prove that they did not receive such appropriation. Even if that burden is met, whether the distribution of "surplus" should be made, and the amount thereof, is subject to the discretion of the private trustees of the George A. Joslyn Library Fund.

■ The public trustees object to the requirement contained in the judgment order, and in the preceding findings, that a request be made by them before an obligation to pay over from the trust funds arises. We are unable to perceive the factual basis for this objection. The trust deed clearly provides for an annual payment out of income or principal of "such sum, not exceeding $400.00 as may be from time to time

requested by said trustees" for the stated purposes. Clearly, a request is essential to trigger the liability for the making of the annual payment, and this objection is without merit.

The public trustees further object to the provision that the paying over of unexpended balances is within the discretion of the private trustees. They claim this violates the statutory provisions contained in 22 V.S.A. § 143(a), giving the public trustees of a town library "full power to manage such public library and to receive, control and manage property which shall come into the hands of such town or village . . . for the use and benefit of such library." This objection, too, is without merit. The trust deed imposes an unconditional duty to pay over, upon request and in the stated proportions, the $400.00 annual payment. But, with respect to unexpended balances, the deed employs the word "may" in connection with unexpended balances to be paid over in subsequent years. The trust deed manifests a clear intent to distinguish mandatory annual payment from the discretionary later payment over of unexpended balances. No conflict appears with the statute quoted, as this gives the public trustees control over expenditures of money only *after* it comes into the hands of the town. Moreover, nothing in the court's judgment order gives the private trustees any control over the actual expenditure of the money once it has been paid over to the town. This objection is not sustained. The claimed "usurpation" of the duties of the public trustees is not required by the judgment order. What shall be done with respect to library management remains within their control; the discretion of the private trustees with respect to payment over of unexpended balances only extends to whether or not the expenditures authorized by the public trustees shall be financed from the trust funds.

A third objection, mentioned but not argued, is that the judgment below leaves the matter open to further litigation. The short answer to this objection is that, apart from requesting payment over of the so-called Bucklin money, previously dealt with, and the usual general prayer for other relief, what the public trustees requested in their counterclaim was a declaratory judgment with respect to the rights of the parties

230

under the trust deed. Such a declaratory judgment has the force and effect of a final judgment. 12 V.S.A. § 4711.

There is, however, a significant omission from the final judgment order, evidently unnoticed by the parties who approved it as to form, or by the court. The trial court clearly found that both the annual payment over required upon appropriate request and later payments over of unexpended annual balances are subject to the settlor's requirement that not over ⅝ thereof be used for books or ⅜ thereof for repairs. This finding is supported by the clear language of the instrument itself, and its noninclusion in the final judgment order can only be through inadvertence. Under these circumstances, we will amend the judgment order here in this respect, as well as with respect to the Bucklin moneys, previously treated.

*The final judgment order of the Washington Superior Court is amended by: (a) adding to paragraph 2 thereof another sentence, as follows:*

> *Any annual appropriation, and any subsequent distribution of "surplus," shall be subject to the limitation of ⅝ for books and ⅜ for building repairs set out in Paragraph Second of the trust instrument.*

*and (b) adding to the final judgment order a new paragraph, numbered 3, as follows:*

> *3. The counterclaim of the defendant Trustees of the Joslin Memorial Library with respect to the so-called Bucklin moneys is dismissed with prejudice, payment thereof having been made.*

*So amended, the judgment below is affirmed. Defendants to recover their taxable costs in this Court.*