# In re Estate of Andrew J. Brown

[528 A.2d 752]

No. 84-282

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.***

Opinion Filed April 24, 1987

*George E. Rice, Jr.*, and *Jess T. Schwidde*, Montpelier, for Plaintiffs-Appellees.

---

* Justice Hayes sat at oral argument but did not participate in this decision.

*McKee, Giuliani & Cleveland*, Montpelier, for Defendant-Appellant.

**Gibson, J.** The trustee of a testamentary trust appeals an order of the Washington Superior Court granting the petition of the lifetime and residual beneficiaries of the trust to terminate it and to distribute the proceeds to the life tenants. We reverse.

The primary issue raised on appeal is whether any material purpose of the trust remains to be accomplished, thus barring its termination. The appellant/trustee also raises the closely related issue of whether all beneficiaries are before the court, i.e., whether the class of beneficiaries has closed.

Andrew J. Brown died in 1977, settling his entire estate in a trust, all of which is held by the trustee under terms and conditions that are the subject of this appeal. The relevant portion of the trust instrument provides:

> (3) The . . . trust . . . shall be used to provide an education, particularly a college education, .for the children of my nephew, Woolson S. Brown. My Trustee is hereby directed to use the income from said trust and such part of the principal as may be necessary to accomplish this purpose. Said trust to continue for said purpose until the last child has received his or her education and the Trustee, in its discretion, has determined that the purpose hereof has been accomplished.
>
> At such time as this purpose has been accomplished and the Trustee has so determined, *the income from said trust and such part of the principal as may be necessary shall be used by said Trustee for the care, maintenance and welfare of my nephew, Woolson S. Brown and his wife, Rosemary Brown, so that they may live in the style and manner to which they are accustomed, for and during the remainder of their natural lives.* Upon their demise, any remainder of said trust, together with any accumulation thereon, shall be paid to their then living children in equal shares, share and share alike. (Emphasis added.)

The trustee complied with the terms of the trust by using the proceeds to pay for the education of the children of Woolson and Rosemary Brown. After he determined that the education of

these children was completed, the trustee began distribution of trust income to the lifetime beneficiaries, Woolson and Rosemary.

On June 17, 1983, the lifetime beneficiaries petitioned the probate court for termination of the trust, arguing that the sole remaining purpose of the trust was to maintain their lifestyle and that distribution of the remaining assets was necessary to accomplish this purpose. The remaindermen, the children of the lifetime beneficiaries, filed consents to the proposed termination. The probate court denied the petition to terminate, and the petitioners appealed to the Washington Superior Court. The superior court reversed, concluding that continuation of the trust was no longer necessary because the only material purpose, the education of the children, had been accomplished. This appeal by the trustee followed.

Ordinarily, a trial court's conclusions will be upheld where they are supported by its finding. *Dartmouth Savings Bank* v. *F.O.S. Associates*, 145 Vt. 62, 66, 486 A.2d 623, 625 (1984). Here, the superior court's conclusion that the trust could be terminated because the material purpose of the trust had been accomplished has an insufficient basis in its findings, and this conclusion cannot stand.

■ An active trust may not be terminated, even with the consent of all the beneficiaries, if a material purpose of the settlor remains to be accomplished. See, e.g., *Ambrose* v. *First National Bank*, 87 Nev. 114, 117, 482 P.2d 828, 829 (1971); *Sundquist* v. *Sundquist*, 639 P.2d 181, 187 (Utah 1981); Restatement (Second) of Trusts § 337 (1959); 4 A. Scott, Scott on Trusts § 337, at 2655 (3d ed. 1967). This Court has invoked a corollary of this rule in a case where partial termination of a trust was at issue. *In re Bayley Trust*, 127 Vt. 380, 385, 250 A.2d 516, 519 (1969).

As a threshold matter, we reject the trustee's argument that the trust cannot be terminated because it is both a support trust and a spendthrift trust. It is true that, were either of these forms of trust involved, termination could not be compelled by the beneficiaries because a material purpose of the settlor would remain unsatisfied. See Restatement (Second) of Trusts § 337.

■ The trust at issue does not qualify as a support trust. A support trust is created where the trustee is directed to use trust income or principal for the benefit of an individual, but only to the extent necessary to support the individual. 2 A. Scott, Scott on Trusts § 154, at 1176; G. Bogert, Trusts and Trustees § 229, at

519 (2d ed. rev. 1979). Here, the terms of the trust provide that, when the educational purpose of the trust has been accomplished and the trustee, in his discretion, has so determined, "the income . . . and such part of the principal as may be necessary shall be used by said Trustee for the care, maintenance and welfare of . . . [Rosemary and Woolson Brown] so that they may live in the style and manner to which they are accustomed . . . ." The trustee has, in fact, made the determination that the educational purpose has been accomplished and has begun to transfer the income of the trust to the lifetime beneficiaries. Because the trustee must, at the very least, pay all of the trust income to beneficiaries Rosemary and Woolson Brown, the trust cannot be characterized as a support trust.

■ Nor is this a spendthrift trust. "A trust in which by the terms of the trust or by statute a *valid restraint on the voluntary and involuntary transfer of the interest* of the beneficiary is imposed is a spendthrift trust." Restatement (Second) of Trusts § 152(2) (emphasis added). While no specific language is needed to create a spendthrift trust, *id.* at comment c, here the terms of the trust instrument do not manifest Andrew J. Brown's intention to create such a trust. See *Huestis* v. *Manley*, 110 Vt. 413, 419, 8 A.2d 644, 646 (1939).

The trustee cites *Barnes* v. *Dow*, 59 Vt. 530, 10 A. 258 (1887), for the proposition that a gift of support for life must be deemed a spendthrift trust. In fact, in *Barnes*, the terms of the will gave the testator's sister "support during her natural lifetime out of my estate." *Id.* at 541, 10 A. at 261. This Court construed the will as establishing a trust for support and held that an interest arising under such a trust is inalienable. *Id.* The mere fact that an interest in a trust is not transferable does not make the trust a spendthrift trust. See Restatement (Second) of Trusts § 154 comment b. In any event, *Barnes* is inapplicable here because a support trust is not at issue.

Although the issue as to whether a material purpose of the trust remains cannot be answered through resort to the foregoing formal categories traditionally imposed upon trust instruments, we hold that termination cannot be compelled here because a material purpose of the settlor remains unaccomplished. In the interpretation of trusts, the intent of the settlor, as revealed by the language of the instrument, is determinative. *In re Jones*, 138 Vt. 223, 228, 415 A.2d 202, 205 (1980) (citing *Destitute of Bennington*

*County* v. *Putnam Memorial Hospital*, 125 Vt. 289, 293, 215 A.2d 134, 137 (1965)).

We find that the trust instrument at hand has two purposes. First, the trust provides for the education of the children of Woolson and Rosemary Brown. The Washington Superior Court found that Rosemary Brown was incapable of having more children and that the chance of Woolson Brown fathering more children was remote; on this basis, the court concluded that the educational purpose of the trust had been achieved.

The settlor also intended a second purpose, however: the assurance of a life-long income for the beneficiaries through the management and discretion of the trustee. We recognize that, had the trust merely provided for successive beneficiaries, no inference could be drawn that the settlor intended to deprive the beneficiaries of the right to manage the trust property during the period of the trust. *Estate of Weeks*, 485 Pa. 329, 332, 402 A.2d 657, 658 (1979) (quoting Restatement (Second) of Trusts § 337 comment f). Here, however, the language of the instrument does more than create successive gifts. The settlor provided that the trustee must provide for the "care, maintenance and welfare" of the lifetime beneficiaries "so that they may live in the style and manner to which they are accustomed, *for and during the remainder of their natural lives*." (Emphasis added.) The trustee must use all of the income and such part of the principal as is necessary for this purpose. We believe that the settlor's intention to assure a life-long income to Woolson and Rosemary Brown would be defeated if termination of the trust were allowed. See 4 Scott, Scott on Trusts § 337.1, at 2261-64; see also *Will of Hamburger*, 185 Wis. 270, 282, 201 N.W. 267, 271 (1924) (court refused to terminate trust since testator desired it to continue during life of his wife).

Because of our holding regarding the second and continuing material purpose of the trust, we do not reach the question of whether the trial court erred in holding that the educational purpose of the trust has been accomplished.

*Reversed; judgment for petitioners vacated and judgment for appellant entered.*