## Madeline Mobbs, Administratrix of the Estate of Danielle Mobbs v. Central Vermont Railway

[553 A.2d 1092]

No. 85-517

Present: **Peck, Gibson, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed August 26, 1988

*Kohn & Rath*, Hinesburg, for Plaintiff-Appellant.

*Robert B. Hemley* and *Dennis R. Pearson* of *Gravel and Shea*, Burlington, for Defendant-Appellee.

**Gibson, J.** Plaintiff, the administratrix of the estate of Danielle Mobbs, brought this wrongful death action against defendant, Central Vermont Railway, for the death of Danielle, on behalf of her brother Christopher, her next of kin. At the close of the evidence, the trial court granted defendant's motion for a directed verdict, a ruling appealed herein by plaintiff. We affirm.

## I. FACTS

The relevant facts, viewed in the light most favorable to plaintiff, are as follows. On February 4, 1978, Danielle Mobbs, age 2½ months, was killed in a collision between the car her father was driving and a freight train at the Jonesville crossing. Danielle's parents were also killed in the accident, but her two-year-old brother and her sixteen-year-old uncle survived. Separate actions were filed for each of the five occupants of the car, but, prior to trial, the five cases were consolidated to be tried jointly. After a two-week trial, the court granted defendant's motion for a directed verdict against the plaintiff herein. The court concluded that the Wrongful Death Act did not contemplate recovery for pecuniary loss suffered by a sibling nor for the loss of "love and companionship" between siblings. See 14 V.S.A. § 1492(b).[1] The

---

[1] Section 1492(b) provides:

> The court or jury before whom the issue is tried may give such damages as are just, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin or husband and next of kin, as the case may be. In the case where the decedent is a minor child, the term pecuniary injuries shall also include the loss of love and companionship of the child and for the destruction of the parent-child relationship in such amount as under all the circumstances of the case, may be just.

court also found that no evidence had been introduced as to these potential avenues of recovery in support of plaintiff's claim.

The remaining four cases went to the jury, which found the railroad negligent but also found that the railroad's negligence was not the proximate cause of the remaining plaintiffs' injuries.

## II. ISSUES

A number of issues are presented for our consideration. First, defendant asserts that our decision in this appeal should be deferred until after the appeals in the other four cases are decided, contending that if defendant prevails therein, the doctrine of collateral estoppel would bar plaintiff from recovering any judgment. Second, plaintiff argues that 14 V.S.A. § 1492(b) does not limit recovery for loss of "love and companionship" to the loss suffered by the parents of a minor child. Third, plaintiff asserts that she should be able to recover pecuniary damages under § 1492(b) without proof of specific pecuniary loss. Fourth, plaintiff contends that Chapter I, Article 4 of the Vermont Constitution requires that a remedy at law be provided for Danielle's death. Finally, plaintiff asserts that railroad companies should be held strictly liable for deaths and injuries resulting from accidents occurring at their public crossings.

## III. COLLATERAL ESTOPPEL

Defendant claims that plaintiff should be collaterally estopped by the jury's finding that the railroad's negligence was not the proximate cause of the injuries incurred by the plaintiffs in the other four actions. In order for collateral estoppel to apply, however, the issue must be one that was, or should have been, litigated previously between the parties and one that was essential to the former judgment. See *Berisha* v. *Hardy*, 144 Vt. 136, 138, 474 A.2d 90, 91 (1984) (doctrine of collateral estoppel forecloses a party from relitigating those issues necessarily and essentially determined in a former action); *Trapeni* v. *Walker*, 120 Vt. 510, 516, 144 A.2d 831, 835 (1958) (judgments conclude only parties and their privies; in action for loss of services of a minor son and his medical and hospital expenses, parent not regarded in law as either a party or privy to prior action brought by the child and hence was not bound by the judgment thereunder). See generally 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Proce-

dure: Jurisdiction §§ 4449 and 4459 (1981). The fact that the suits were consolidated for trial is irrelevant to this analysis. See *Mid-Continent Cas. Co.* v. *Everett*, 340 F.2d 65, 69 (10th Cir. 1965) ("where a party is put out of a case by dismissal, the judgment thereafter rendered is not conclusive upon him"); *Deaton* v. *Gay Trucking Co.*, 275 F. Supp. 750, 754-56 (D.S.C. 1967) (mere fact that all of decedents were related and represented by the same administratrix did not suffice to bar a subsequent action by another decedent for the same accident, because administratrix would be suing in a different capacity as to each accident). Because proximate cause was not an issue in the dismissal for lack of proof in plaintiff's case, and thus the issue was not litigated previously between the parties, the doctrine of collateral estoppel does not bar plaintiff's appeal in the instant case. See *Trapeni*, 120 Vt. at 516, 144 A.2d at 835.

## IV. STATUTORY CONSTRUCTION OF 14 V.S.A. § 1492(b)

Absent an opinion from the trial court, the court's construction of 14 V.S.A. § 1492(b) is not absolutely clear. It appears that the court determined that recovery for pecuniary damages is not allowed between siblings under § 1492(b). We believe this construction to be erroneous. The court also expressed its belief that damages for loss of love and companionship are limited to the destruction of the parent-child relationship, but pointed out that, in any event, there was no evidence in the record that would support any award to Danielle's brother for pecuniary injuries or for the loss of her love and companionship.[2] We agree that there was no evidence to support any such award, and accordingly, uphold the court's ruling.

The first sentence of § 1492(b) allows an award of pecuniary damages to a child for the loss of a parent or next of kin: "The court or jury before whom the issue is tried may give such damages as are just, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin or husband and next

---

[2] Due to the finding of a complete lack of evidence to support any recovery for loss of love and companionship, we do not reach the issue as to the trial court's construction of this part of the statute. For a discussion of the need for broadened coverage, see generally Joselson, *Parents' "Pecuniary Injuries" for the Wrongful Death of an Adult Child: Where is the Love?*, 12 Vt. L. Rev. 57 (1987) (plea for inclusion of unmarried, adult child decedents under statutory provisions allowing damages for loss of love and companionship).

of kin, as the case may be." The term "next of kin," as used in the laws of descent, includes siblings in the event of the loss of parents. 14 V.S.A. § 551(4). See *Whitchurch* v. *Perry*, 137 Vt. 464, 472, 408 A.2d 627, 632 (1979) (" '[n]ext of kin' properly denotes those persons most nearly related to the decedent *by blood*") (emphasis in original). Courts that have construed wrongful death statutes which provide a right of recovery to "next of kin" have unanimously held or recognized that brothers and sisters of a decedent are "next of kin" and, as such, are entitled to recover damages under such statutes. See 2 S. Speiser, Recovery for Wrongful Death § 10:18, at 156 (2d ed. 1975). We agree with this approach and believe the term "next of kin" in the wrongful death statute should carry the same meaning as it does in the laws of descent. Therefore, we hold that the trial court erred in construing § 1492(b) as foreclosing plaintiff from recovery for the pecuniary injuries suffered by Danielle's brother as a result of Danielle's death.

█ We conclude, however, that although the trial court incorrectly construed the statute as foreclosing recovery by Danielle's brother for pecuniary injuries, the complete lack of evidence as to any pecuniary injury suffered by Danielle's brother as a result of her death does not necessitate reversal of the court's granting of defendant's motion for a directed verdict. See *Circus Studios, Ltd.* v. *Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984) ("This Court will affirm a judgment which is correct even if the grounds stated in support of it are erroneous.").

On review of a trial court's grant of a motion for directed verdict under V.R.C.P. 50, we must view the evidence in the light most favorable to the nonmoving party, excluding any modifying evidence, and if there was any evidence fairly and reasonably supporting the nonmoving party's claim, then the grant of a directed verdict was improper. *Senesac* v. *Associates in Obstetrics & Gynecology*, 141 Vt. 310, 312, 449 A.2d 900, 902 (1982). The trial court's action in the instant case meets this exacting standard. The court found that there was no evidence as to the relationship between Danielle and her brother other than the legal existence of the brother-sister relationship, and determined that the total lack of evidence concerning pecuniary injuries or damages for loss of love and companionship foreclosed any possible recovery by the plaintiff. After reviewing the record, we agree.

Plaintiff argues, however, that pecuniary injuries should be presumed without special proof. We disagree. The term "pecuniary injuries" does not limit recovery to purely economic losses. In cases where it has been construed by this Court, the term has been held to contemplate compensation for lost intellectual, moral and physical training, or the loss of care, nurture and protection. *Lazelle* v. *Town of Newfane*, 70 Vt. 440, 445, 41 A. 511, 512 (1898). Obviously, such "damages, in their very nature, [are] not . . . susceptible of exact computation." *Johnson* v. *Hoisington*, 134 Vt. 544, 547, 367 A.2d 680, 682 (1976). This does not, however, allow an award of damages without any evidence as to the extent of the injury. See *Lazelle*, 70 Vt. at 448, 41 A. at 513.

Damages for pecuniary injuries are allowed only for losses " 'which the circumstances of the particular case establish with reasonable certainty will be suffered by the beneficiary of the statute in the future, because of the death of the victim.' " *D'Angelo* v. *Rutland Ry. Light & Power Co.*, 100 Vt. 135, 138, 135 A. 598, 599 (1927) (quoting *Bond* v. *United R.R.*, 159 Cal. 270, 277, 113 P. 366, 369 (1911)); see also *Lazelle*, 70 Vt. at 444, 41 A. at 512 ("[I]t is competent to show the situation of the persons who claim to have been so injured, and the occasion for and value to them of the services of the deceased."). Plaintiff, however, failed to introduce *any* evidence as to such "pecuniary injuries" suffered by Danielle's brother as a result of her death. Instead, plaintiff's evidence went only to the wages earned by the parents and the mere existence of the family unit. This evidence is too speculative to form the basis of an award of damages for pecuniary injuries between siblings. Therefore, the trial court was correct to grant defendant's motion for a directed verdict on the basis of a lack of proof of any damages.

## V. CONSTITUTIONALITY OF THE WRONGFUL DEATH ACT

■ Plaintiff asserts that her constitutional right to a remedy at law, Vt. Const. Ch. I, Art. 4, has been violated by the trial court's decision. We disagree. Plaintiff had an available remedy at law for her injuries, i.e., pecuniary damages, pursuant to § 1492(b). It was her failure to prove these damages, rather than any constitutionally suspect action by the trial court, which foreclosed her remedy. The trial court's decision did not violate any of plaintiff's

fundamental rights. See *O'Grady* v. *City of Montpelier*, 573 F.2d 747, 751 (2d Cir. 1978) (court will not reach constitutional issue where evidence insufficient for determination of plaintiff's claim).

## VI. STRICT LIABILITY

■ In light of our determination that there was a lack of evidence as to damages, we do not reach the issue of strict liability inasmuch as the lack of such evidence forecloses any recovery based upon a theory of strict liability. See *In re Estate of Brown*, 148 Vt. 94, 98, 528 A.2d 752, 755 (1987).[3]

*Affirmed.*

---

[3] We note that this issue is squarely raised in the companion case, No. 86-255, which has been briefed, but not argued before this Court.