**Thomas and Elizabeth Quesnel and Thomas Quesnel, as Co-Administrator of the Estate of Matthew J. Quesnel v. Town of Middlebury, et al.**

[706 A.2d 436]

No. 96-553

Present: **Amestoy, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed November 14, 1997

*James A. Dumont* and *Sandra M. Lee* of *Keiner & Dumont, P.C.*, Middlebury, for Plaintiffs-Appellants.

*Janet C. Murnane* of *McNeil, Leddy & Sheahan*, Burlington, for Defendant-Appellee Town of Middlebury.

**Amestoy, C.J.** Plaintiffs Thomas and Elizabeth Quesnel, parents of the decedent Matthew J. Quesnel, and Thomas Quesnel, as co-administrator of decedent's estate, appeal from a decision dismissing their wrongful death action for failure to state a claim for which relief may be granted. Plaintiffs claim the court erred by ruling that (1) decedent's wife and child may not disclaim their statutory status as

next of kin, allowing recovery for the loss suffered by decedent's parents, (2) decedent's parents have no common-law cause of action for wrongful death, and (3) providing wrongful death recovery to parents for loss of an adult child only when the adult child is not survived by a spouse and child does not violate the parents' equal protection or due process rights. We affirm.

Decedent died of asphyxiation in a manhole located in the Town of Middlebury, Vermont. He is survived by his wife, his child and his parents, Thomas and Elizabeth Quesnel. The father, as co-administrator of decedent's estate, filed suit against defendants* under the Wrongful Death Act, see 14 V.S.A. §§ 1491-1492, alleging that decedent's wife and child had disclaimed their status as next of kin under the Act, and thus, the parents had become the statutory next of kin entitled to damages for their loss. The parents brought a second claim in their individual capacities, alleging a common-law cause of action for wrongful death and seeking damages for their loss. Finally, the parents claimed that, if they were denied both statutory and common-law recovery, they would be denied equal protection of the laws under the federal constitution and a remedy for their injuries under the Vermont Constitution. Defendants moved for judgment on the pleadings. The court granted the motion, and plaintiffs appeal.

In reviewing a V.R.C.P. 12(c) motion for judgment on the pleadings, the issue is whether the movant is entitled to judgment as a matter of law based on the pleadings. *Thayer v. Herdt*, 155 Vt. 448, 456, 586 A.2d 1122, 1126 (1990). If plaintiffs' pleadings contain allegations that, if proved, permit recovery, defendants are not entitled to a dismissal. *Id.*

I.

The first issue is whether the statutory beneficiaries under the Wrongful Death Act (WDA) may disclaim their status as next of kin by executing a disclaimer pursuant to the Uniform Disclaimer of

---

* Plaintiffs filed suit against the Town of Middlebury, the Middlebury Board of Sewage System Commissioners, the Middlebury Board of Sewage Disposal Commissioners, the Middlebury Board of Selectmen, decedent's employer Dundon Heating and Plumbing, Inc. and decedent's supervisor Christopher Dundon. Dundon Heating and Plumbing, Inc. and Christopher Dundon filed a third-party complaint against Hanover Insurance Company and Massachusetts Bay Insurance Company. Plaintiffs' claims against the employer and the supervisor and the third-party complaint against the insurance companies were dismissed pursuant to a stipulation of the parties. The Town and the three Town boards remain defendants in this appeal.

Property Interests Act. See 14 V.S.A. §§ 1951-1959. The WDA provides that a person or corporation causing the death of another person by wrongful act, neglect or default is liable for damages, provided the injured person would have been entitled to maintain an action for damages if death had not ensued. 14 V.S.A. § 1491. The procedure for such an action is set forth in 14 V.S.A. § 1492, which states:

(a) Such action shall be brought in the name of the *personal representative* of such deceased person . . .

(b) The court or jury before whom the issue is tried may give such *damages* as are just, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin or husband and next of kin . . .

(c) The amount recovered shall be for the *benefit* of such wife and next of kin or husband and next or kin, as the case may be and shall be distributed by such personal representative . . . .

(Emphasis added.) Thus, a wrongful death action must be brought by the decedent's personal representative. Damages are awarded based on the pecuniary injuries of the spouse and next of kin that resulted from the death, and the beneficiaries are the spouse and next of kin. The parties agree that decedent's child is decedent's next of kin.

■ The Uniform Disclaimer of Property Interests Act states that a person, "to whom any property or interest therein devolves, by whatever means, may disclaim it in whole or in part by delivering a written disclaimer under this chapter." 14 V.S.A. § 1951. If the property or interest is disclaimed, "it devolves as if the disclaimant had predeceased the decedent." *Id.* § 1954(a). The parties agree that if the child had predeceased the decedent, the parents would have been next of kin. The Uniform Disclaimer Acts are intended to provide a general right to refuse a gift or benefit because common law did not adequately allow such disclaimer. See Uniform Disclaimer of Transfers by Will, Intestacy or Appointment Act § 1, cmt., 8A U.L.A. 162 (gifts under wills could be renounced but heirs could not reject intestate share; also partial disclaimers permitted only in limited circumstances). Plaintiffs here maintain that the policy underlying the Act — that no person should be forced to accept a gift — should apply to allow the surviving wife and child to disclaim their right to wrongful death recovery.

Plaintiffs rely on *In re Estate of Dominguez*, 541 N.Y.S.2d 934 (Sur. Ct. 1989), wherein the court allowed the decedent's spouse to renounce her share of the proceeds from a wrongful death action in favor of the decedent's two children. *Dominguez* is distinguishable, however, because the waiver in that case involved only the distribution of the wrongful death recovery. The waiver did not affect the measure of damages. Thus, the waiver served the policy that the decedent's spouse should not be forced to accept any benefit. *Id.* at 937.

Plaintiffs here allege that the spouse's waiver changes the measure of damages so that defendants must pay damages for the parents' loss as opposed to the loss of the spouse and child. Unlike *Dominguez*, plaintiffs here do not want to change the distribution of the wrongful death recovery; they want to change the damages for which defendants are liable. Plaintiffs cite no case, nor have we found any case, in which a court has allowed a disclaimer to have this effect. Nor does such a disclaimer serve the purpose of the Disclaimer Act to prevent beneficiaries from being forced to accept a gift.

■ We do not decide the issue in *Dominguez*, whether the surviving wife could disclaim the right to her share of the recovery after it has been determined based on damages for her loss and the child's loss. Nor do we decide whether the surviving wife has the authority to disclaim the child's next-of-kin share of a wrongful death recovery. Cf. 14 V.S.A. § 2643 (judge must approve parent's release executed for child's claim of less than $1500; release of claim for more than $1500 requires approval of court-appointed guardian). We decide only that the surviving wife's disclaimer cannot create liability in defendants for the parents' loss. Under the WDA, damages are based on the loss suffered by the spouse and the next of kin, the child in this case. See 14 V.S.A. § 1492(b). Beneficiaries, designated by § 1492(c), cannot by disclaimer change the loss for which defendants are liable under § 1492(b).

## II.

■ Plaintiffs argue that the court erred by refusing to recognize a common-law claim for wrongful death to provide relief to parents who are not next of kin under the WDA. "[T]his Court has consistently held that a common-law right of action for wrongful death does not exist." *Thayer*, 155 Vt. at 453-54, 586 A.2d at 1125. We decline to reconsider this holding.

## III.

Finally, plaintiffs maintain that they are denied equal protection and due process of the law because they cannot recover for the wrongful death of their son whereas parents of an adult child who dies without a surviving child are entitled to wrongful death recovery. See *Clymer v. Webster*, 156 Vt. 614, 629, 596 A.2d 905, 914 (1991) (holding that parents of adult child may recover for loss of comfort and companionship of adult child where they were next of kin under WDA). They argue that parental status of an adult child bears no relationship to the comfort and companionship the child provides the parents and has no effect on the child's statutory duty to support the parents. See 15 V.S.A. § 202 (penalty for desertion or nonsupport). Accordingly, they contend that there is no rational basis for the legislation.

■ To resolve an equal protection challenge, we must first determine the appropriate level of review. Where as here the statute involves no fundamental right or suspect class, the test is whether the statute is reasonably related to a valid public purpose. *Lorrain v. Ryan*, 160 Vt. 202, 212, 628 A.2d 543, 550 (1993). Under this rational-basis test, we will uphold the statute if it serves any legitimate purpose that is conceivably behind the statute. *State v. Stewart*, 140 Vt. 389, 402, 438 A.2d 671, 677 (1981).

Here, the Legislature has limited defendants' liability to one class of persons, the spouse and next of kin. It is conceivable that the Legislature imposed this limit to prevent the possibility of diluting the recovery. By limiting the tortfeasor's liability to a single class of persons, the Legislature has ensured that the tortfeasor's assets will be preserved for the preferred class. This is particularly important where funds available to satisfy any judgment are limited. *Nebeker v. Piper Aircraft Corp.*, 747 P.2d 18, 25 (Idaho 1987). Although persons other than the spouse and next of kin may suffer economic and personal loss due to the death of an individual, the Legislature may protect the preferred beneficiaries by limiting those who may recover.

■ Limiting damages in wrongful death cases to spouses and next of kin also correlates the wrongful death action to the probate proceedings. See *id.* at 24 (wrongful death statute dovetails with probate, community property and child support laws). "Next of kin" in the wrongful death statute carries the same meaning as it does in the laws of descent. *Mobbs v. Central Vt. Ry.*, 150 Vt. 311, 315, 553 A.2d 1092, 1095 (1988). Allowing damages for loss to other persons

creates more opportunity for conflict between survivors, complicating and prolonging the proceedings as well as adding to their cost. Because we can conceive of several legitimate purposes that the statute may serve, we cannot conclude that the statute is without rational basis.

Courts that have considered similar statutory limits to liability have reached the same conclusion. See, e.g., *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1156 (5th Cir. 1984) (workers' compensation statute providing surviving spouses and children of deceased worker, but not parents, right of action for exemplary damages does not deny equal protection); *McGill v. General Motors Corp.*, 484 P.2d 790, 792 (Colo. 1971) (no denial of equal protection where wrongful death statute provides right of action for parents of adult child only if child is not married); *Everett v. Trunnell*, 673 P.2d 387, 390 (Idaho 1983) (wrongful death statute providing that parents of decedent are not entitled to recovery where decedent leaves spouse and child does not violate equal protection rights of parents); *Porter v. Klein Constr. Co.*, 515 N.E.2d 821, 823 (Ill. App. Ct. 1987) (wrongful death statute benefitting parents of decedent only if decedent has no children does not violate equal protection).

■ Plaintiffs also contend that denying them damages for loss of their child denies them a remedy for their injuries in violation of Chapter I, Article 4 of the Vermont Constitution. We disagree. Article 4 provides that "[e]very person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character . . . ." Vt. Const. ch. I, art. 4. We have considered Article 4 the equivalent to the federal Due Process Clause. *Levinsky v. Diamond*, 151 Vt. 178, 197, 559 A.2d 1073, 1086 (1989). It does not create substantive rights, however; it merely provides access to the courts. *Shields v. Gerhardt*, 163 Vt. 219, 223, 658 A.2d 924, 928 (1995). There being no statutory or common-law cause of action for plaintiffs' injuries resulting from their son's death, plaintiffs have not been denied due process of law or their rights under Article 4.

"Wrongful death actions are creatures of statute and the right to maintain such an action is afforded only by the Legislature." *Lewis v. Regional Ctr. of East Bay*, 220 Cal. Rptr. 89, 92 (Ct. App. 1985). "It cannot seriously be argued that a statutory entitlement to sue for the wrongful death of another is itself a 'fundamental' or constitutional right." *Parham v. Hughes*, 441 U.S. 347, 358 n.12 (1979). Our Legislature has determined that wrongful death defendants are liable

only for the losses suffered by the spouse and next of kin. Some cases present strong arguments for expanding this liability to losses suffered by other people close to the decedent. See, e.g., *Lewis*, 220 Cal. Rptr. at 92 (grandparents and legal guardians of decedent, a thirteen-year-old child, denied right to bring wrongful death action although parents and half-brother filed disclaimers). Nonetheless, such arguments should be addressed to the Legislature, not the courts. *Id.*

*Affirmed.*