Leach v. Fletcher Allen Health Care, Inc., No. S0125-02 CnC  (Norton, J., Nov. 1, 2004)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                                            SUPERIOR COURT
Chittenden County, ss.:                                              Docket No. S0125-02 CnC

MELODY LEACH, INDIVIDUALLY
and as ADMINISTRATRIX OF THE
ESTATE OF RAYMOND C. LEACH

v.

FLETCHER ALLEN HEALTH CARE, INC.

ENTRY

The defendant, Fletcher Allen Health Care, Inc., has filed a motion in limine to preclude the plaintiff, Melody Leach, from introducing evidence of her and her children's grief and emotional upset. Because such evidence in a wrongful death claim is misleading at best, the defendant's motion is granted.

Mrs. Leach is the widow of the decedent in this case, Raymond Leach. She alleges that Mr. Leach died as a result of malpractice by a Fletcher Allen physician. She has therefore sued Fletcher Allen for wrongful death, a claim governed by the Vermont Wrongful Death Act, 14 V.S.A. §§ 1491–1492. Fletcher Allen claims that Mrs. Leach intends to introduce evidence of her and her two children's "grief and emotional upset." Fletcher Allen argues that this evidence is irrelevant.

Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. Relevant evidence is generally admissible,

but it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." V.R.E. 403.

Wrongful death actions are limited to remedying pecuniary loss for a decedent's spouse and next-of-kin. 14 V.S.A. § 1492(b). The Vermont Supreme Court interprets "pecuniary loss" liberally to include not only economic loss, but "'compensation for lost intellectual, moral and physical training, or the loss of care, nurture and protection.'" Mears v. Colvin, 171 Vt. 655, 657 (2000) (mem.) (quoting Mobbs v. Cent. Vt. Ry., 150 Vt. 311, 316 (1988)). Accordingly, a "factfinder may 'consider the physical, emotional, and psychological relationship' of the parties, as well as their 'living arrangements . . ., the harmony of family relations, and the commonality of interests and activities.'" Id. (quoting Clymer v. Webster, 156 Vt. 614, 630 (1991)).

Following a trend to expand wrongful death damages for the death of a child, the Vermont legislature in 1976 amended the Wrongful Death Act to include among pecuniary injuries "loss of love and companionship" and "destruction of the parent-child relationship" where the decedent is a minor child. See 1975, No. 223 (Adj. Sess.), § 1 (codified at 14 V.S.A. § 1492(b)); see also Harnett v. Union Mut. Fire Ins. Co., 153 Vt. 152, 153–54 (1989) (discussing amendment). The Court has interpreted this provision liberally, extending it to include "loss of companionship" damages for a parent of an adult decedent. See Clymer, 156 Vt. at 629–30. The Court has not, however, construed the Wrongful Death Act so as to extend the definition of "pecuniary injuries" to include loss of companionship for a child or a spouse of a decedent.

Here, Mrs. Leach argues that close readings of Harnett and Clymer demonstrate that the Court extended the definition of "pecuniary injuries" to include loss of companionship even for a decedent's spouse and children, and thus grief and emotional upset evidence is admissible to show such loss of companionship.

The court disagrees with these readings. First, the Court in Clymer addressed a remedy only for "parents of an adult child" decedent. 156 Vt. at 629. The instant case has nothing to do with providing for a parent of a child decedent. Rather, the individuals seeking recovery here are the decedent's spouse and children. Second, loss of companionship is distinct from grief and emotional upset. The former relates to the relationship between a decedent and individuals recovering; the latter relates more broadly to an individual's pain and suffering as a result of a decedent's death. See

<u>Clymer</u>, 156 Vt. at 630 (holding that factfinder in wrongful death action should consider factors of relationship between plaintiff and decedent in ascertaining loss of companionship); 2 Dan B. Dobbs, The Law of Torts § 297, at 812 (2001) ("Loss of companionship, society and the like—consortium rights—are usually viewed as something distinct from anguish or grief . . . .").

In any event, the Wrongful Death Act does not permit recovery for loss of companionship under the circumstances of this case. So even if grief and emotional upset evidence were related to loss of companionship, it would be irrelevant.

The court acknowledges the wide range of permissible evidence to demonstrate the loss of care, nurture, and protection, as well as intellectual, physical, and moral training. Mrs. Leach may introduce evidence regarding her and her children's relationship to Mr. Leach. But such evidence need not include grief and emotional upset. Even if grief and emotional upset were tangentially related to the loss of care, nurture, and protection, it would likely mislead the factfinder to consider nonpecuniary injuries that the legislature did not intend to compensate through Wrongful Death Act. See <u>Lazelle v. Town of Newfane</u>, 70 Vt. 440, 443–44 (1898). Therefore, even if the evidence is relevant, it must be excluded under Rule 403.

### ORDER

For the foregoing reasons, Fletcher Allen's motion in limine to preclude Mrs. Leach from introducing or offering evidence of her and her children's grief and emotional upset is GRANTED.


Dated at Burlington, Vermont, November 1, 2004.


                                              _____/s/_____
                                              Richard W. Norton,    Judge