**In re ESTATE OF JEFFREY LAMORE**

[989 A.2d 486]

No. 09-106

¶ 1. November 12, 2009. Mother of decedent Jeffrey M. Lamore appeals from the Bennington Superior Court decision appointing the unmarried mother of decedent's four-year-old daughter administrator of decedent's estate. Decedent's mother argues that she should have been appointed administrator, rather than allowing minor daughter's mother to stand in the shoes of minor daughter and become administrator. We affirm.

¶ 2. The relevant facts are undisputed. Decedent was killed when a trailer truck struck his pickup truck in April 2008. He was survived by his daughter (who was three years old at the time and is now four), as well as his mother, father, and one sister. Decedent was unmarried and not living with the mother of his child when the accident occurred. Decedent left no will, and his only significant asset is a potential wrongful death lawsuit against the trailer-truck driver. Minor daughter is the sole beneficiary of any proceeds that might arise from that lawsuit.

¶ 3. Minor daughter's mother had custody of her daughter at the time of the accident, and she continues to have custody. Although minor daughter's mother initially consented to decedent's mother becoming administrator, she later revoked that consent and asked the probate court to appoint her administrator. The probate court held that because decedent's daughter was a minor and therefore unsuitable to be administrator of the estate, decedent's mother should be appointed administrator. On appeal, the superior court reversed and appointed minor daughter's mother administrator as lawful guardian of decedent's "next of kin" under 14 V.S.A. § 903 and the common law. The superior court concluded that minor daughter is decedent's only next of kin and that under the common law minor daughter's mother should be administrator in her daughter's place.

¶ 4. We review the superior court's decision granting summary judgment "de novo, applying the same standard as the trial court." *Washington v. Pierce*, 2005 VT 125, ¶ 17, 179 Vt. 318, 895 A.2d 173 (citing *Hardwick Recycling & Salvage, Inc. v. Acadia Ins. Co.*, 2004 VT 124, ¶ 14, 177 Vt. 421, 869 A.2d 82). We will therefore uphold that decision if we find that "there are no genuine issues as to any material fact," and the prevailing party "is entitled to summary judgment as a matter of law." *Id.* (citing V.R.C.P. 56(c)(3)).

¶ 5. This case requires us to interpret 14 V.S.A. § 903, which provides the order of preference in choosing an administrator:

> If an executor is not named in the will, or if a person dies intestate, administration shall be granted:
>
> (1) To the surviving husband or wife, as the case may be, or next of kin or both, or to such person as such surviving husband or wife or next of kin request to have appointed;
>
> (2) If such surviving husband or wife, as the case may be, or next of kin or the persons se-

lected by them are unsuitable, or if the widow or the next of kin neglects for thirty days after the death of the person to apply for administration or to request that administration be granted to some other person, it may be granted to one or more of the principal creditors, if competent and willing to serve;

(3) If there is not such a creditor competent and willing to serve, the same may be committed to such other person as the probate court may appoint;

(4) To such person as to the court shall seem suitable upon application of the reputed owner of land formerly owned by such deceased person, in case the title to such land is not clear.

¶ 6. The parties here dispute how to interpret the phrase "next of kin" in subsection (1) of § 903. Although this statute does not define "next of kin," this Court has previously held that " '[n]ext of kin' in the wrongful death statute carries the same meaning as it does in the laws of descent." *Quesnel v. Town of Middlebury*, 167 Vt. 252, 257, 706 A.2d 436, 439 (1997) (citing *Mobbs v. Cent. Vt. Ry.*, 150 Vt. 311, 315, 553 A.2d 1092, 1095 (1988)). Indeed, "next of kin" is often defined as "[a]n intestate's heirs — that is, the person or persons entitled to inherit personal property from a decedent who has not left a will." Black's Law Dictionary 1142 (9th ed. 2009).

¶ 7. We see no reason why the term "next of kin" should be treated any differently in a statute addressing the appointment of an administrator. By holding that the term "next of kin" carries the same meaning here as in other statutes, we help bring clarity to this area of the law. It would be problematic to define "next of kin" in this statute in a way that differs from how that term is defined in the

wrongful death statute and in the laws of descent. In a case such as this one, the laws of descent state that decedent's minor daughter inherits everything. See 14 V.S.A. § 551(1).[1] As the only heir to decedent's estate, minor daughter is therefore next of kin for the purposes of inheritance, bringing a wrongful death claim, and — as we now hold — becoming administrator of decedent's estate.

¶ 8. Of course, because minor daughter is only four years old, she is unsuitable to be administrator of decedent's estate. According to decedent's mother, this means that minor daughter is eliminated from consideration and that decedent's mother — as the next "next of kin" under the laws of inheritance, see 14 V.S.A. § 551(3) — therefore steps in as administrator. We disagree.

¶ 9. In interpreting statutes, "our primary objective is to effectuate the intent of the Legislature." *Swett v. Haig's, Inc.*, 164 Vt. 1, 5, 663 A.2d 930, 932 (1995). When a statute's meaning is clear and unambiguous, we enforce the plain language of that statute "according to its express meaning." *Id.* In situations such as this, however, where 14 V.S.A. § 903 does not expressly state what happens when the next of kin is a minor, we fall back on the notion that ambiguous provisions "do not change common law rules; the intent to do so must be expressed in clear and unambiguous language." *Id.*; accord *State v. Hazelton*, 2006 VT 121, ¶ 29, 181 Vt. 118, 915 A.2d 224 (holding that where a "statute simply fails to address the issue" and "is not inconsistent

---

[1] Although 14 V.S.A. § 551 was recently repealed, with some of its provisions being recodified in 14 V.S.A. § 314, see 2009, No. 55, §§ 4-5, these legislative changes occurred after the relevant events in this case and do not apply retroactively. See 1 V.S.A. § 214(b).

with . . . common law," common law applies).[2]

¶ 10. Courts in other jurisdictions have noted that the "authorities are abundant that it is the rule at common law that the guardian of an infant who would otherwise be entitled to administration of an estate was entitled to administer [the estate] . . . as a matter of right." *Hollis v. Crittenden*, 37 So. 2d 193, 195 (Ala. 1948); accord, e.g., *In re Weeks' Estate*, 81 N.E. 107, 108 (Ind. App. 1907) ("It is the rule at common law that the trustee or guardian of an infant . . . who would otherwise be entitled to administer upon an estate, was entitled to administer in the right of his ward . . . , and in every case in which the question has arisen it is uniformly held that the guardian of an infant, who, if of age, would be entitled to administer upon an estate, is entitled as of right to such administration.").

¶ 11. As in *Hazelton*, the common law rule at issue here addresses an issue that the "statute simply fails to address." 2006 VT 121, ¶ 29. Further, the rule "is not inconsistent" with the statute. *Id.* We therefore hold that the common law rule applies and can be used to interpret 14 V.S.A. § 903. Applying the common law rule here, minor daughter's mother steps into the shoes of minor daughter and (if suitable)[3]

has a right to be appointed administrator.[4]

¶ 12. Our holding here is in line with a number of courts that have come to the same conclusion in similar circumstances, even where there is no legally cognizable relationship between the decedent and the person seeking to be administrator. For instance, in *Estate of Porrata*, 392 N.Y.S.2d 221, 223 (Sur. Ct. 1977), the court held that where an infant son was the sole heir of an estate, his mother (as guardian) was the proper administrator, despite her divorce from the decedent and her waiver of any right to serve as executor or administrator of the estate. The court recognized that appointing the mother of decedent's minor child was especially appropriate "in a matter in which no one except her child has an interest." *Id.* In such situations, the alternative of appointing someone who was not a party to the estate would be "devoid of logic." *Id.* Similarly, the West Virginia Supreme Court of Appeals has held that even if a decedent's widow had abandoned the decedent and was therefore without

---

[2] Vermont has explicitly adopted the common law insofar as it does not conflict with statutes. 1 V.S.A. § 271; see also *Langle v. Kurkul*, 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986) ("The common law is changed by statute only if the statute overturns the common law in clear and unambiguous language, or if the statute is clearly inconsistent with the common law, or the statute attempts to cover the entire subject matter.").

[3] See *infra*, ¶ 14 (discussing suitability).

---

[4] Although it is undisputed that minor daughter's mother is the sole guardian of minor daughter, see 14 V.S.A. § 2644, decedent's mother argues that minor daughter's mother is merely the guardian of minor daughter's person, not her property. See *Courtney v. Lawson*, 631 A.2d 102, 108 (Md. Ct. Spec. App. 1993) (holding that such a distinction exists under Maryland law). We disagree. Unlike the Maryland statute at issue in *Courtney*, the applicable Vermont statute defines the powers of a guardian to include the ability to act for the "protection of the property or person of [the] ward." 14 V.S.A. § 2658. Further, as a practical matter, there is no serious doubt here that the sole surviving parent of a four-year-old child acts as guardian of that child's person and property.

any personal interest in the decedent's estate, she had a right "to speak and act" for her minor child and to become administrator "on [the minor child's] behalf." *In re Stollings' Estate*, 95 S.E. 446, 448 (W. Va. 1918). We agree that where it is uncontested that a minor child is the only eligible heir to any proceeds from an estate, that child's guardian should be first in line for appointment as administrator.[5]

¶ 13. Decedent's mother presents two other arguments for why 14 V.S.A. § 903 must be read to allow her to become administrator: (1) in 1797, the Legislature added the words "upwards of twenty one years of age" when referring to next of kin in a predecessor to the current intestate statutes; and (2) the words "of lawful age" appear in § 904 when referring to surviving children, and § 903 must be read in pari materia with § 904. Decedent's mother believes that both of these arguments support her claim that the Legislature intended to abolish the common law rule that allows minor daughter's mother to stand in the shoes of minor daughter and become administrator. We disagree. Neither the 1797 statute nor the current § 904 says anything about the common law rule. Rather, these statutes reiterate only the undisputed point that the Legislature does not approve of a minor *personally* serving as administrator. That legislative intent "is not inconsistent" with allowing a minor's guardian — someone who is of lawful age — to stand in the shoes of the minor and become administrator, and the common law rule therefore remains in place. *Hazelton*, 2006 VT 121, ¶ 29.

---

[5] Because we hold that the common law applies and allows minor daughter's mother to automatically stand in the shoes of minor daughter and become administrator, we do not reach the issue of whether a four-year-old child could appoint her mother administrator by speaking through her mother.

¶ 14. Given our holding that minor daughter's mother is first in line for appointment as administrator, the only question remaining is one of suitability. Although decedent's mother has raised several issues that call into doubt whether minor daughter's mother is the best party to bring a wrongful death action on behalf of minor daughter, decedent's mother does not claim that the personal interests of minor daughter's mother "are so conflicting with and adverse to the interests of the estate that both such interests cannot fairly be represented by the same person." *In re Estate of Watkins*, 114 Vt. 109, 122, 41 A.2d 180, 188-89 (1944). To the contrary, here the personal interests of minor daughter's mother are directly aligned with the interests of the estate, since both seek to maximize the proceeds that can be obtained for minor daughter in any ensuing wrongful death action. Indeed, as guardian and sole provider of minor daughter's needs, minor daughter's mother has a greater interest than anyone else in maximizing other potential income sources to support her daughter's upbringing. Thus, although we have no doubt that decedent's mother would also be a suitable administrator here and would act on behalf of her granddaughter's best interests, we find no merit to her claims regarding the unsuitability of minor daughter's mother.

*Affirmed.*