Michael A. MELLO v. Dr. Craig
COHEN and the Center
for Oral and Maxillofacial Surgery

[724 A.2d 471]

No. 97-461

December 22, 1998. Plaintiff appeals the superior court's grant of defendants' summary judgment motion in this medical malpractice action based on lack of informed consent. He claims the court erred in ruling that expert testimony was required to proceed to trial, thereby denying him his constitutional rights to a remedy and to a jury trial. We affirm.

Plaintiff asserts that defendant Cohen failed to obtain his informed consent before removing a tongue lesion. Some facts are undisputed. Plaintiff's family physician referred him to Cohen for a consultation concerning the lesion. Upon examination and in light of plaintiff's medical history of alcoholism, heavy smoking, and cancer in his family, Cohen had strongly suspected the lesion was cancerous. His suspicion of cancer and recommendation for removal and biopsy remained the same after a five-day course of antibiotics and a second examination. The biopsy proved, however, that the lesion was not cancerous. Plaintiff transferred his postoperative care to Rocco Addante, another oral surgeon. From here, the parties' allegations diverge.

According to the plaintiff, Addante prescribed mouth wash when plaintiff developed a second tongue lesion, which proved an effective cure. Plaintiff contends that, had he been informed of the prescription mouth-wash option, he would never have agreed to the biopsy and would never have suffered the resulting pain, constipation, and tongue deformity. He characterizes this case as the right to choose between surgical or nonsurgical treatments.*

Through the course of discovery plaintiff refused to allow Addante to produce his medical records for defendants. Neither did he name Addante or anyone else as an expert to support his contention that prescription mouth wash constituted a treatment option for the first lesion or that the second lesion was even the same or similar to the first one. The trial court held that expert testimony was required to establish what risks and treatment alternatives existed in light of the circumstances when the plaintiff agreed to the surgery. Thus, the court granted defendants' motion for summary judgment because plaintiff failed to come forward with sufficient evidence concerning an element essential to his case.

We review the grant of summary judgment using the same standard applied at the trial court. *Madden v. Omega Optical, Inc.*, 165 Vt. 306, 309, 683 A.2d 386, 389 (1996). Summary judgment shall be granted where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Where, as here, the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by indicating an absence of evidence

---

* In his reply brief and at oral argument, plaintiff also claimed that Cohen failed to inform him about the extent of tissue that would be removed during the biopsy. We decline to address this claim as he failed to preserve it. See *Vermont Nat'l Bank v. Dowrick*, 144 Vt. 504, 509, 481 A.2d 396, 399 (1984).

in the record to support the nonmoving party's case. The nonmoving party then has the burden of persuading the court there is a triable issue. *Id.* In this case, the trial court held that, after adequate time for discovery, plaintiff failed to establish the existence of an essential element of his informed consent claim. See *Poplaski v. Lamphere*, 152 Vt. 251, 254-55, 565 A.2d 1326, 1328-29 (1989). We therefore must determine whether plaintiff met his summary judgment burden of demonstrating a triable issue of fact. *Madden*, 165 Vt. at 309, 683 A.2d at 389.

Medical malpractice based on informed consent was first recognized in Vermont in *Small v. Gifford Mem'l Hosp.*, 133 Vt. 552, 349 A.2d 703 (1975), and was subsequently codified by the Legislature. The statute defines a violation of the informed consent doctrine as:

> The failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation.

12 V.S.A. § 1909(a)(1). The statute mandates judgment for defendant at the end of plaintiff's case if plaintiff has failed to adduce expert medical testimony in support of allegations concerning insufficient information. See 12 V.S.A. § 1909(e).

Plaintiff claims that the informed consent statute's expert testimony requirement violates the Common Benefit Clause of the Vermont Constitution by impermissibly creating a classification that impinges on the fundamental, state constitutional right to recover for a personal injury by means of a jury trial. See Vt. Const. ch. I, arts. 4 (remedy), 7 (common

benefit), and 12 (jury trial). Additionally, plaintiff attacks the trial court ruling on two procedural grounds. First, he contends that, because the court had denied a Rule 12(b)(6) motion to dismiss on the basis that plaintiff had stated a cognizable claim, see V.R.C.P. 12, the court then erred when it held at the summary judgment stage that he had not come forward with sufficient, admissible evidence on all elements of his claim to proceed to trial. Second, he purports reversal is warranted because genuine issues of material fact still exist and defendants were not entitled to summary judgment as a matter of law.

In granting the defendants' summary judgment motion, the trial court concluded plaintiff would need expert testimony to establish an informed consent claim under either the doctrine articulated in *Small* or under the informed consent statute. Thus, we need not reach plaintiff's facial challenge to the informed consent statute because, regardless of the statutory mandate to adduce expert testimony in an informed consent action, the trial court concluded that the medical issues in this case were technical and obscure and consequently necessitated expert testimony. See *Small*, 133 Vt. at 557, 349 A.2d at 706. We agree. Tongue lesion types and associated diagnostic procedures and treatments do not fall within the common knowledge of lay fact finders.

Inasmuch as plaintiff also appears to argue that the court's ruling, as opposed to the statute itself, erroneously deprived him of these same constitutional rights, we have previously noted that, where a plaintiff has an available remedy at law but fails to prove an element of his or her case, it is plaintiff's own failure, rather than constitutionally suspect action by the trial court, that forecloses a remedy. See *Mobbs v. Central Vt. Ry.*, 150 Vt. 311, 316-17, 553 A.2d 1092, 1096 (1988) (affirming, against constitutional challenge, di-

rected verdict for defendant where plaintiff failed to prove damages). Thus, given that the court correctly determined plaintiff must produce expert testimony to meet his burden of production, it was the plaintiff's own actions, not the operation of the informed consent statute, that curtailed a remedy. Moreover, just as the right to a remedy under Article 4 does not render directed verdicts unconstitutional or relieve plaintiff of his burden of production, neither does the right to a jury trial under Article 12 remove threshold determinations of legal issues from the province of the court. *State v. Ryea*, 153 Vt. 451, 456, 571 A.2d 674, 677 (1990).

To the extent that plaintiff mounts distinct procedural attacks on the grant of summary judgment, they evince a basic misunderstanding of plaintiff's burden. He conflates the different standards of production pertaining to a motion to dismiss for failure to state a claim and a motion for summary judgment. At the motion to dismiss stage, a plaintiff must merely show a set of circumstances or facts exist that, if proven, would entitle him to relief on the claim alleged in the complaint. See *Association of Haystack Property Owners, Inc. v. Sprague*, 145 Vt. 443, 446, 494 A.2d 122, 124 (1985). By contrast, to defend against a summary judgment motion, a plaintiff cannot rely on conclusory allegations or mere conjecture. Even though a plaintiff's allegations present a cognizable claim sufficient to withstand a motion to dismiss, the same allegations may well prove insufficient to withstand a motion for summary judgment. See 5A C. Wright & A. Miller, Federal Practice and Procedure § 1356, at 298 (2d ed. 1990) (distinguishing test of formal sufficiency of complaint on motion to dismiss from summary judgment, which tests merits of claim). This is precisely what occurred in this case.

Although plaintiff is correct that facts remain in dispute, he has failed to demonstrate that the dispute is a genuine one over material facts. See, e.g., *Billado v. Parry*, 937 F. Supp. 337, 341 (D. Vt. 1996) (defining genuineness and materiality). Once defendants indicated the lack of expert testimony evidence in the record to support plaintiff's informed consent claim, it became plaintiff's burden to offer specific facts, beyond the merely speculative, to support a verdict in his favor. See *Samplid Enters., Inc. v. First Vermont Bank*, 165 Vt. 22, 25, 676 A.2d 774, 776 (1996). Nothing in the record supports plaintiff's bald assertions that prescription mouth wash constituted a treatment option for his first tongue lesion. Further, we note that plaintiff rests his entire case on a specious juxtaposition of so-called alternative treatments. The biopsy, although perhaps concomitantly a treatment, was undisputedly part and parcel of the diagnostic process, unlike the purported "mouthwash option." We hold that plaintiff's own conjectures, formulated through the benefit of hindsight, were insufficient as a matter of law to demonstrate what the risks and benefits of available diagnostic procedures and treatments were in light of the circumstances existing at the time he consented to the biopsy of the tongue lesion.

Since we conclude that the trial court properly held expert testimony was required in this case to establish plaintiff's informed consent claim, the Court need not reach his conflict-of-interest argument. Plaintiff conceded as much at oral argument.

*Affirmed.*