Estate of Larrow v. Vincent, No. 1507-01 Cncv (Katz, J., July 19, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                SUPERIOR COURT
Chittenden County, ss.:                         Docket No. 1507-01 CnCv

LARROW ESTATE

v.

VINCENT

ENTRY

Two young couples spent the evening snowmobiling and stopping at a bar along the way.  They shared a small bottle of schnapps on the trail and bought drinks at the bar.  On the way home, plaintiff's decedent crashed into a tree and was killed.  She was intoxicated at the time. Defendants now seek summary judgment, asserting they owed no duty, lack of proof of furnishing alcohol, and absence of an employment relationship with the asserted primary wrongdoer.

Defendant Christopher Vincent was fiancé of decedent and is sometimes referred to in argument as "the leader" of the snowmobile group. He is asserted to have furnished alcoholic beverages to decedent, for which liability should attach. See Knight v. Rower, 170 Vt. 96, 101 (1999) (noting that furnishing requires an affirmative act or active part in providing the alcohol). We find no citation to anything in the record from which a jury could reasonably infer that Mr. Vincent actually so furnished. The schnapps appears to have been passed around, but there is no evidence as to who purchased it or otherwise introduced it into the group. With no direct evidence of his having furnished the alcohol, how may the jury reasonably infer that fact? Inherently, plaintiff is suggesting that, as the older male, or as fiancé, he should be found to have so acted. Removing age and gender from the equation, there is only a one in four chance that Vincent furnished the schnapps. Although totally speculative, the odds may have been even smaller at the bar, for Vincent was playing pool there while the two women were talking, and there is direct evidence from Mr. Gulla that decedent purchased her own drinks. Plaintiff suffers the burden of proof on this factual issue; it offers no admissible evidence to meet that burden. Conjectures formulated through hindsight are insufficient to meet the burden of proof. Mello v. Cohen, 168 Vt. 639, 641 (1998).

Plaintiff seems to argue that Vincent's denials of furnishing alcohol should be disbelieved, in view of some untruthful statements he earlier made on the subject. Aside from the fact that evidence is not weighed on summary judgment, Messier v. Metropolitan Life Ins. Co., 154 Vt. 406, 409 (1990), this suggestion does not constitute any affirmative evidence. The impeachment value of a prior, untruthful statement may at trial

logically detract from the weight otherwise to be placed on a witness's statement. But here, there is no affirmative evidence in the first place, from the party suggesting the impeachment. Zero, minus something, does not equal affirmative evidence. Less than nothing is still nothing, when one shoulders the burden of proof.

Plaintiff's claim for negligence is based primarily on dicta from Langle v. Kurkul, 146 Vt. 513, 521 (1986). In that case, the Court rejected plaintiff's appeal to extend liability to a social host who furnished alcohol before plaintiff's accident but suggested that it might be more sympathetic if a social host furnished alcohol to one who was visibly intoxicated and who would foreseeably drive. Id. The Court clarified its position further in Knight when it emphasized the need for a plaintiff to prove that the defendant exercised a certain amount of direct control over both the immediate social situation and the alcohol. 170 Vt. at 101. Both are necessary to establish this duty, and the failure of one is enough to withhold liability. Id. In this case, like Knight, plaintiff has no evidence that Vincent furnished or in any significant way controlled the alcohol that Larrow consumed and that contributed to her accident. Id. at 101–02. Therefore, we decline to extend liability to Vincent for Larrow's intoxication. We note as well that Knight also does not fully embrace the Langle dicta and demonstrates a studied reluctance to extend to individuals the affirmative duty of care over the acts of someone who voluntarily consumes alcohol. Id. at 107. While "Friends don't let friends drive drunk" is sound social advice, it is not necessarily an affirmative duty.

Plaintiff's remaining claim of negligent entrustment is against both Vincent and his father's company, Top Cat Motors, Inc. For the later,

plaintiff argues that Top Cat knew plaintiff was a recovering alcoholic who had begun drinking again and should not have allowed her to take the snow machine out.  Assuming for the moment that Top Cat knew Larrow and Vincent intended to go out on the trails that night, there is no evidence that Top Cat had any knowledge that the group was planning on consuming alcohol or that Larrow tended to become intoxicated while driving the snow machine.  Certainly, Top Cat had no direct knowledge of Larrow's intoxication.  Plaintiff does not allege that Larrow was intoxicated when she purchased her snow machine, nor did anyone talk about their plans, if they had any, to drink alcohol to Top Cat at the time of purchase.  Plaintiff argues that Top Cat should have known that Larrow would get drunk and mishandle the snow machine based solely on its knowledge that Larrow was an alcoholic who had recently fallen off the wagon.  Such knowledge, however, falls far short of the examples provided in the Restatement (feeble-minded girl entrusted with a gun, an epileptic given a car, lending a car to a friend for a dance at which friend is known to become habitually intoxicated) and relevant case law.  Vince v. Wilson, 151 Vt. 425, 429 (1989) (defendant purchased car for nephew who was inexperienced, had failed driving test several times, had no driver's license, and abused drugs and alcohol).

This requisite knowledge may be broken down into three categories: 1) knowledge that person is in a class of people notorious for misuse (feeble-minded); 2) specific knowledge of an intent to misue; or 3) knowledge of person's character or circumstances that give the seller good reason to believe it will be misused.  Restatement (Second) of Torts § 308 cmt. b.  Since Larrow was not in a class of people notorious for misuse nor did Top Cat have knowledge of any intent for misuse, its knowledge can only be attributed to the third category of reputation.  Only the

reputation for abusing alcohol is present here. There is no evidence that Larrow tended to drink while driving snow machines or that her relapse meant that she would now be constantly consuming alcohol. The real implication that plaintiff makes is that anyone not in good standing with AA cannot be trusted to purchase snow machines. This is beyond the logic of either the Restatement or Vince where reputation knowledge is similar situations is grounded in joint knowledge of alcohol abuse and reckless tendencies. Vince, 151 Vt. at 429. Without further knowledge that Larrow intended to drive the snow machine drunk or had a reputation for such recklessness, there is no reason to impute that knowledge on Top Cat solely from hindsight.

As to Vincent's liability for negligent entrustment, the evidence is similar. We will assume for the purposes of this motion that Vincent was employed by Top Cat. Like Top Cat, there is no evidence that he knew Larrow intended to become drunk that evening on their trip, and there is no evidence that he knew or that Larrow had a reputation for reckless behavior on snow machine. Plaintiff suggests that perhaps Larrow was given too large of a snow machine to handle with her skills, but absent some evidence that she was incompetent or reckless on them, we will not impute such a conclusion. See Restatement (Second) of Torts § 307 cmt. a, cited in id. at § 308 cmt. c ("He is entitled to act upon the assumption that a human being whom he uses is competent, unless he knows or should know that the particular person he uses is incompetent . . ."). Without the requisite knowledge, Vincent had no reason to believe that Larrow would be incompetent with her snow machine at the time she purchased it. That she became intoxicated and drove the snow machine after Vincent and Top Cat supplied her with it is tragic, but the result cannot be retroactive imputed to Vincent or Top Cat for the purposes of liability.

Based on the foregoing, defendant Christopher Vincent and Top Cat Motors, Inc.'s motions for summary judgment are granted. Plaintiff's

claims against these defendants are dismissed.

Dated at Burlington, Vermont, _____, 2004.


_____
Judge