STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Deer View LLC PUD Subdivision Application  } Docket No. 182-8-07 Vtec
    (Appeal of Madden)  }
}

<u>Decision and Order on Appellee-Applicant's Motions to Dismiss</u>
<u>and on Appellant's Motion for Summary Judgment</u>

Appellant John Madden appealed from a decision of the Planning Commission of the Town of New Haven approving a six-lot commercial PUD subdivision. Appellant has appeared and represents himself; Appellee-Applicant Deer View, LLC is represented by Evan Punderson, Esq.; and the Town is represented by James Ouimette, Esq.

This decision addresses Appellee-Applicant's motions to dismiss Questions 2 and 3 of the Statement of Questions, and Appellee-Applicant's motion to dismiss the appeal for lack of standing on the part of Appellant, as well as Appellant's motion for summary judgment. Under the scheduling order governing this appeal, Appellant has until Friday, February 15, 2007, to file (so that it is received at the Environmental Court) any further response[1] to Appellee-Applicant's motion for summary judgment, dated from the January

_____

[1] On February 1, 2008, Appellant filed a response to Appellee-Applicant's Motion for Summary Judgment in the form of a photocopy of that motion with handwritten deletions and additions, but without any responsive affidavits or other material to counter Appellee-Applicant's affidavit.

As discussed in <u>In re Morris 7-Lot Subdivision</u>, 71-4-07 Vtec (Vt. Envtl. Ct. Nov. 26, 2007), each party's motion for summary judgment is analyzed giving the nonmoving party the benefit of all reasonable doubts and inferences. <u>Alpine Haven Property Owners Ass'n, Inc. v. Deptula</u>, 175 Vt. 559, 561, 2003 VT 51, ¶8. In responding to a motion for summary judgment supported by affidavits and other evidentiary material, the nonmoving party "may not rest upon the mere allegations or denials in its pleadings." <u>White v. Quechee Lakes Landowners' Ass'n</u>, 170 Vt. 25, 28 (1999). Rather, V.R.C.P. 56(e) requires that the

1

25, 2008 filing of Mr. Stout's revised affidavit; therefore that motion will not be addressed in this decision.

Appellant has presented three questions in his Statement of Questions, all relating to whether the proposal will cause danger to public safety due to the potential for traffic accidents on Route 7 near the project driveway. Any facts stated in this decision are undisputed unless otherwise noted.

The project proposes a Planned Unit Development (PUD) subdivision of a 66-acre parcel of land adjacent to U.S. Route 7; the internal subdivision roadway is proposed to have a single access onto Route 7 approximately 2463 feet south of the intersection of Hunt Road with Route 7. The proposed development consists of five[2] commercial lots, ranging from 1.7 to 2.2 acres each in area, as well as a 56.84-acre lot. The latter lot includes a 1.86-acre building envelope for commercial development within the Commercial zoning district, as well as the PUD roadway, wastewater system, stormwater system, 14.36 acres of open agricultural land between Route 7 and the development lots, and 35.72 acres of other open natural land, largely easterly of the development lots, some of which is wooded. All of the more easterly area of the property located in the Residential zoning district is included in

opposing party must set forth specific facts showing a genuine issue for trial. Dillon v. Champion Jogbra, Inc., 175 Vt. 1, 2–3 (2002). Those facts must be supported by affidavits or other evidentiary material. Morway v. Trombly, 173 Vt. 266, 270 (2001). It is not sufficient for the opposing party to rely on "conclusory allegations or mere conjecture." Mello v. Cohen, 168 Vt. 639, 641 (1998). "[M]ere allegations of counsel unsupported by documented evidence are not enough to create a genuine issue of material fact" sufficient to preclude summary judgment. Progressive Ins. Co. v. Wasoka, 178 Vt. 337, 349, 2005 VT 76, ¶25.

[2] Four of these lots are located in the Commercial zoning district adjacent to Route 7, and the most southerly of these lots is located in the Industrial zoning district adjacent to Route 7.

the "open natural" area not proposed for building development.

Applicant's Motion to Dismiss for Lack of Standing

Appellant lives on Hunt Road and uses the intersection of Hunt Road and Route 7 on a daily basis for access to and from the south (past the project property) to his property. While his southwesterly property boundary is approximately 350 feet from the nearest northeasterly point on the boundary of the project property, the only issues raised by the Statement of Questions have to do with the safety of traffic on Route 7. Appellant's Question 1 alleges a physical or environmental impact on his use of the roadway, especially at the intersection of Route 7 and Hunt Road, even though it is cast in terms of "public safety." That is, he is making this claim as a user of the roadway himself, and not simply as an otherwise-disinterested citizen[3] of the town.

As discussed in In re Vanishing Brook Subdivision, Docket No. 223-10-07 Vtec (Vt. Envtl. Ct. Jan. 16, 2008), under 24 V.S.A. § 4465(b)(3), to bring an appeal as an individual, an appellant must own or occupy property "in the immediate neighborhood" of the proposed project, must be able to "demonstrate a physical or environmental impact on the person's interest under the criteria reviewed," and must allege that the DRB's decision or act, if upheld, "will not be in accord with the policies, purposes, or terms of the [municipal plan or bylaw]."

To determine whether a particular appellant is in the "immediate neighborhood" for the purposes of this analysis, the Court examines "not only the proximity of the appellant to the project on appeal, but also whether the appellant potentially could be affected by any of the aspects of the project which have been preserved for review on

---

[3] For such a claim, under 24 V.S.A. §4465(b)(4), a group of at least ten voters or property owners is required for standing.

3

appeal." In re: Bostwick Road 2-Lot Subdivision, Docket No. 211-10-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Feb. 24, 2006), aff'd No. 2006-128 (Vt. Jan. 26, 2007) (unpublished mem.). See also In re Appeal of Stanak and Mulvaney, Docket No. 101-7-01 Vtec (Vt. Envtl. Ct. Oct. 15, 2001) (citing In re Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct. Aug. 3, 1995)). Appellant clearly claims this effect in Section 1(b)(2) of his December 17, 2007 response to the motion to dismiss by referring to "predictably certain accident, injury, and possible fatality of the public and potentially myself (that is my almost daily route into Middlebury)." For the purpose of considering the project's effect on the roadways, which is the issue on appeal, Appellant could potentially be affected by the project's traffic, in his use of the intersection of Hunt Road with Route 7, and in his traveling on Route 7 past the project's driveway. Appellant therefore meets the criteria for standing regarding the traffic issue he has raised in Question 1.[4]

Appellee-Applicant's Motion to Dismiss Questions 2 and 3

Appellee-Applicant has also moved to dismiss Questions 2 and 3 of Appellant's Statement of Questions, which are stated in terms of whether "the New Haven Bylaws provide a way to prevent danger to public safety," citing § 410.1 of the Subdivision Regulations, and whether "the New Haven Planning Commission ha[s] the authority and responsibility to prevent danger to public safety," citing 24 V.S.A. §4325(3).

Both of these questions pose purely advisory or theoretical questions taken by themselves, which the Court is precluded from answering in the abstract. In re 232511 Investments, Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409, 417 (2006). However, the two cited statutory and regulatory sections are relevant to the extent that they provide the regulatory

---

[4] However, see footnote 1 above for the standard which Appellant must meet in response to the pending motion for summary judgment.

4

standard the Court must apply in evaluating whether the project complies with the subdivision regulations as posed in Question 1. Accordingly, they are dismissed as separate questions considered independently of Question 1, but will instead be considered by the Court as subsections of Question 1.

Appellant's Motion for Summary Judgment

Appellant has moved for summary judgment, asking the Court to disapprove the application on the basis of "common sense," stating that "the Court is in a position of responsibility and authority to prevent predictably certain accident, injury, and possible fatality." Appellant has supported this motion with accident summaries on Route 7 from the years 1998 through 2005, between Town Hill Road and River Road, as well as one accident investigation report at the intersection of Dog Team Road with Route 7 in 2002.

While courts make every effort to interpret regulations and statutes "in harmony with common sense and sound reason," In re Green Crow Corp., 2007 VT 137, ¶ 17 (internal citation and quotation omitted), summary judgment must also be based upon undisputed facts linking the "common sense and sound reason" to the proposed project, in exactly the same way in which a decision on the merits after trial must be based on factual findings showing how the proposed project will or will not conform to the applicable regulatory criteria.

Appellee-Applicant has come forward with an affidavit of the project engineer describing the topography of Route 7 and other roadways in the project's vicinity, and the long unobstructed sight distances north and south of the project driveway, together with the engineer's professional engineering opinion that the layout and design of the roads will not cause any danger to public safety.

Giving Appellee-Applicant, as the nonmoving party, the benefit of all reasonable doubts and inferences (see footnote 1, above), Appellant's motion for summary judgment

5

must be denied, as material facts are disputed as to whether the proposed PUD subdivision would have any adverse effect on the safety of the traffic on Route 7. Therefore, unless Appellee-Applicant's own motion for summary judgment is granted, the disputed material facts remain for trial as scheduled on March 12, 2008.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's motion for summary judgment is DENIED; Appellee-Applicant's motion to dismiss the appeal for Appellant's lack of standing is DENIED; and Appellee-Applicant's motion to dismiss Questions 2 and 3 of the Statement of Questions is Granted in Part and Denied in Part, in that Questions 2 and 3 call for impermissible advisory opinions from the Court taken by themselves, but are relevant to the extent that they pertain to Question 1. The matter remains scheduled for trial on March 12, 2008, until further order of the Court; any requests for findings and any further memoranda of law shall be filed at trial.

Done at Berlin, Vermont, this 5th day of February, 2008.

_____
Merideth Wright
Environmental Judge