STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
|  | } |  |
| In re: Deer View LLC PUD Subdivision Application | } | Docket No. 182-8-07 Vtec |
| (Appeal of Madden) | } |  |
|  | } |  |

Decision and Order on Appellee-Applicant's Motion for Summary Judgment
(as altered April 3, 2008 (originally issued February 20, 2008) – revisions in **bold** type)

Appellant John Madden appealed from a decision of the Planning Commission of the Town of New Haven approving a six-lot commercial PUD subdivision. Appellant has appeared and represents himself; Appellee-Applicant Deer View, LLC is represented by Evan Punderson, Esq.; and the Town is represented by James Ouimette, Esq.

The Court issued a Decision and Order on February 5, 2008, resolving Appellee-Applicant's motions to dismiss Questions 2 and 3 of the Statement of Questions, Appellee-Applicant's motion to dismiss the appeal for lack of standing, and Appellant's motion for summary judgment. The February 5, 2008 decision left open Appellee-Applicant's motion for summary judgment, as the scheduling order governing this appeal allowed Appellant until February 15[1] to file any further response to Appellee-Applicant's motion for summary judgment, counted from the January 25, 2008 filing of Mr. Stout's revised affidavit.

The February 5, 2008 decision noted that Appellant had filed a response on February 1, 2008[2] to Appellee-Applicant's Motion for Summary Judgment, and that Appellant's response was in the form of a photocopy of that motion, with handwritten deletions and

---

[1] The Court notes that a typographical error in the February 5, 2008 decision stated the year in this date as 2007; all other dates in the decision were stated correctly. If any party was misled by that error please advise the Court as soon as possible.

[2] Corrections to this document were filed on February 6, 2008.

1

additions. Most importantly, the Court noted that Appellant had not then filed any affidavits or other material to counter the January 22, 2008 affidavit of Appellee-Applicant's project **manager, a senior land use planner at the engineering firm retained by Appellee-Applicant**, filed on January 25, 2008 in support of Appellee-Applicant's Motion for Summary Judgment. Appellant had previously filed with the Court, in support of his own motion for summary judgment, accident summaries from the Vermont Agency of Transportation on Route 7 from the years 1998 through 2005, between Town Hill Road and River Road, as well as one investigation report of a 2002 accident at the intersection of Dog Team Road with Route 7.

The February 5, 2008 decision then laid out the standard that Vermont courts must apply in analyzing a motion for summary judgment, as follows:

> As discussed in In re Morris 7-Lot Subdivision, 71-4-07 Vtec (Vt. Envtl. Ct. Nov. 26, 2007), each party's motion for summary judgment is analyzed giving the nonmoving party the benefit of all reasonable doubts and inferences. Alpine Haven Property Owners Ass'n, Inc. v. Deptula, 175 Vt. 559, 561, 2003 VT 51, ¶8. In responding to a motion for summary judgment supported by affidavits and other evidentiary material, the nonmoving party "may not rest upon the mere allegations or denials in its pleadings." White v. Quechee Lakes Landowners' Ass'n, 170 Vt. 25, 28 (1999). Rather, V.R.C.P. 56(e) requires that the opposing party must set forth specific facts showing a genuine issue for trial. Dillon v. Champion Jogbra, Inc., 175 Vt. 1, 2–3 (2002). Those facts must be supported by affidavits or other evidentiary material. Morway v. Trombly, 173 Vt. 266, 270 (2001). It is not sufficient for the opposing party to rely on "conclusory allegations or mere conjecture." Mello v. Cohen, 168 Vt. 639, 641 (1998). "[M]ere allegations of counsel unsupported by documented evidence are not enough to create a genuine issue of material fact" sufficient to preclude summary judgment. Progressive Ins. Co. v. Wasoka, 178 Vt. 337, 349, 2005 VT 76, ¶25.

The February 5, 2008 decision gave Appellant the opportunity to file any such responsive affidavits or otherwise to set forth specific facts showing a genuine issue for trial. As of the date of today's decision, nothing further has been received at the Court from Appellant.

We must therefore proceed to rule on Appellee-Applicant's Motion for Summary Judgment, as the final pretrial telephone conference is scheduled for Monday, February 25, 2008, and the trial is scheduled for March 12, 2008.

Any facts stated in this decision are undisputed unless otherwise noted; however, the facts as stated in the February 5, 2008 decision will not be restated unless necessary to this decision.

The internal subdivision roadway of the proposed Planned Unit Development (PUD) subdivision has a single access onto Route 7 approximately 2463 feet south of the intersection of Hunt Road with Route 7. Appellant has raised the issue[3] of whether the proposal will cause danger to public safety due to the potential for traffic accidents on Route 7 near the project driveway. Appellant has filed accident summaries from the Vermont Agency of Transportation on Route 7 from the years 1998 through 2005, and an investigation report of a 2002 accident at the intersection of Dog Team Road with Route 7, but has not filed any affidavits of any expert or other witnesses linking this accident data to the location, topography or sight distances that could be affected by the proposed intersection of the project driveway with Route 7. Appellee-Applicant has come forward with an affidavit of the project **senior land use planner** describing the topography of Route 7 and other roadways in the project's vicinity, and describing the long unobstructed sight distances north and south of the project driveway, together with the **land use planner**'s professional **[ ]** opinion that the layout and design of the roads will not cause any danger to public safety.

Appellant, as the nonmoving party, is to be given the benefit of all reasonable doubts and inferences in analyzing Appellee-Applicant's motion for summary judgment.

---

[3] The February 5, 2008 decision incorporated former Questions 2 and 3 into Question 1.

Giving Appellant the benefit of all reasonable doubts and inferences, Appellee-Applicant's motion for summary judgment must be granted. Appellant's accident report information, taken alone without any expert opinion linking that information to the proposed project driveway, does not raise a reasonable inference regarding the potential effect of the project driveway on public safety on Route 7. Appellant has not come forward with any disputed material facts for trial regarding the topography of Route 7 and other roadways in the project's vicinity, or regarding the long unobstructed sight distances north and south of the project driveway. Appellant has not shown that material facts are in dispute to raise a genuine issue for trial regarding the opinion expressed in the **[ ]** affidavit that the layout and design of the proposed PUD subdivision access driveway will not cause any danger to public safety as to the traffic using Route 7.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's motion for summary judgment is GRANTED, concluding this appeal. The telephone conference scheduled for February 25, 2008 and the trial scheduled for March 12, 2008 are therefore CANCELLED.

Done at Berlin, Vermont, this 3rd day of April, 2008.

_____
Merideth Wright
Environmental Judge

4