STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| In re: Deer View LLC PUD Subdivision Application | } | Docket No. 182-8-07 Vtec |
| (Appeal of Madden) | } | |
|  | } | |

Decision and Order on Appellant's Motions to Amend and to Compel

Appellant John Madden appealed from a decision of the Planning Commission of the Town of New Haven approving a six-lot commercial PUD subdivision. Appellant has appeared and represents himself; Appellee-Applicant Deer View, LLC is represented by Evan Punderson, Esq.; and the Town is represented by James Ouimette, Esq.

The Court issued one Decision and Order on February 5, 2008, resolving Appellee-Applicant's motions to dismiss Questions 2 and 3 of the Statement of Questions, Appellee-Applicant's motion to dismiss the appeal for lack of standing, and Appellant's motion for summary judgment.

The February 5, 2008 decision left open Appellee-Applicant's motion for summary judgment, as the scheduling order allowed Appellant more time to respond to it. The February 5, 2008 decision noted that Appellant had not then filed any affidavits or other material to counter the affidavit of Appellee-Applicant's project engineer[1], and clearly laid out the standard that Vermont courts are required to apply in analyzing a motion for summary judgment. Specifically, the February 5, 2008 decision explained that:

---

[1] Anthony Stout, the author of the affidavit, is the senior land use planner at the engineering firm retained by Appellee-Applicant; he did not hold himself out as an engineer in his affidavit. Appellant's motion to amend is GRANTED in that the Court will correct references in the February 20, 2008 decision to him as the "project engineer" to more accurately reflect his position in the engineering firm.

1

[i]n responding to a motion for summary judgment supported by affidavits and other evidentiary material, the nonmoving party "may not rest upon the mere allegations or denials in its pleadings." White v. Quechee Lakes Landowners' Ass'n, 170 Vt. 25, 28 (1999). Rather, V.R.C.P. 56(e) requires that the opposing party must set forth specific facts showing a genuine issue for trial. Dillon v. Champion Jogbra, Inc., 175 Vt. 1, 2–3 (2002). Those facts must be supported by affidavits or other evidentiary material. Morway v. Trombly, 173 Vt. 266, 270 (2001). It is not sufficient for the opposing party to rely on "conclusory allegations or mere conjecture." Mello v. Cohen, 168 Vt. 639, 641 (1998). "[M]ere allegations of counsel unsupported by documented evidence are not enough to create a genuine issue of material fact" sufficient to preclude summary judgment. Progressive Ins. Co. v. Wasoka, 178 Vt. 337, 349, 2005 VT 76, ¶25.

The February 5, 2008 decision specifically gave Appellant more time and opportunity to file any such responsive affidavits or otherwise to set forth specific facts showing a genuine issue for trial, and specifically reiterated the deadline of February 15 for those filings.

On January 27, 2008 (received January 28, 2008) Appellant had apparently sent requests to answer what he had characterized as "depositions on written questions"( citing V.R.C.P. 31), to Mr. Stout, as well as to two members of the State Police who had investigated accidents in the area of Route 7 at issue in this appeal. The request to Mr. Stout, attached to the present motion to compel, reflects that it was not accompanied by a subpoena to attend a deposition before an officer, in the manner provided by V.R.C.P. 30(c), (e) and (f), as provided in V.R.C.P. 31(b), and did not provide for the production of a record of the deposition as provided under those rules. Rather, the questions are requested to be answered under oath before a notary public, and resemble the procedure under V.R.C.P. 33 for written interrogatories.

During the period between the filing of the "depositions on written questions" on January 28, 2008, and the February 15, 2008 deadline for the filing of his response to Appellee-Applicant's motion for summary judgment, Appellant did not request a reduction of the time for the answers to the written questions, or a reduction of the time

2

provided in V.R.C.P. 31 for the filing of the questions and scheduling of the deposition. V.R.E.C.P. 2(c); V.R.C.P. 33(a). Nor did Appellant request more time to respond to Appellee-Applicant's motion for summary judgment due to the time required for responses to the "depositions on written questions."

Appellant did not file any further factual material or affidavits by the deadline of Friday, February 15. Due to the postal holiday on Monday, February 18, the Court waited until the mail had been received at the Court on Tuesday February 19 and Wednesday, February 20, before ruling on Appellee-Applicant's Motion for Summary Judgment.

The February 5, 2008 decision had explained that, as discussed in In re Morris 7-Lot Subdivision, 71-4-07 Vtec (Vt. Envtl. Ct. Nov. 26, 2007), each party's motion for summary judgment is analyzed giving the nonmoving party the benefit of all reasonable doubts and inferences. Alpine Haven Property Owners Ass'n, Inc. v. Deptula, 175 Vt. 559, 561, 2003 VT 51, ¶8. The February 20, 2008 decision granting Appellee-Applicant's Motion for Summary Judgment discussed that Appellant had presented some accident data but had "not filed any affidavits of any expert or other witnesses linking this accident data to the location, topography or sight distances that could be affected by the proposed intersection of the project driveway with Route 7," to counter the affidavit filed by Appellee-Applicant.

Even giving Appellant, as the nonmoving party, the benefit of all reasonable doubts and inferences in analyzing Appellee-Applicant's motion for summary judgment, the February 20, 2008 decision concluded that:

> Appellant's accident report information, taken alone without any expert opinion linking that information to the proposed project driveway, does not raise a reasonable inference regarding the potential effect of the project driveway on public safety on Route 7. Appellant has not come forward with any disputed material facts for trial regarding the topography of Route 7 and other roadways in the project's vicinity, or regarding the long unobstructed sight distances north and south of the project driveway. Appellant has not shown that material facts are in dispute to raise a genuine issue for trial

3

regarding the opinion expressed in the project engineer's[2] affidavit that the layout and design of the proposed PUD subdivision access driveway will not cause any danger to public safety as to the traffic using Route 7.

Appellant moved under V.R.C.P. 59 to correct or amend the decision and order on March 5, 2008; the filing was timely within the 10 day time period allowed under V.R.C.P. 59, as time is to be computed under V.R.C.P. 6(a). The motion requests that the February 20, 2008 decision and order be vacated until Appellant can include in his memorandum the responses to the outstanding "depositions on written questions." In the same filing, Appellant also moved to compel answers to those questions. The State of Vermont is not a party to this appeal, and Appellant does not appear to have sent a copy of his motion to any representative of the State or of the State Police. Appellee-Applicant's response to the motion to compel is simply that it is moot as the February 20, 2008 decision and order disposed of the case.

The timely filing of the V.R.C.P. 59 motion allows the Court to consider these issues; they are not moot.

As to the members of the State Police, the Motion to Compel is DENIED. Neither the specific officers, the State Police, nor the State of Vermont are parties to the action. The procedures of V.R.C.P. 31 and 30 have not been followed, but in any event, on the present record, the officers would be entitled to the protection of V.R.C.P. 45(c)(3)(B)(ii) regarding the opinion of unretained experts.

As to the questions posed to Mr. Stout, because the February 20, 2008 decision was granted in Appellee-Applicant's favor due to Appellant's failure to provide countering evidence and affidavits, and because Appellant had sought such information prior to the closure of the time for such responses, Appellant's motion to compel is hereby GRANTED in PART as follows. The questions will be treated as written interrogatories and shall be

---

[2] See footnote 1, above.

4

answered on a schedule as provided in the final paragraph of this decision. If, on the basis of the answers, Appellant then moves under V.R.C.P. 60(b) for relief from the February 20, 2008 decision, order, and judgment, the Court will address such motion at that time. Please note that V.R.C.P. 60(b) provides that the filing of a V.R.C.P. 60(b) motion "does not affect the finality of a judgment or suspend its operation."

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's motion to amend under V.R.C.P. 59 is GRANTED in PART, as stated in footnote 1, above. A copy of the corrected decision is attached with the corrections in **bold** type; the corrected version will also be posted on the Court's website.

Appellant's motion to compel answers to the "deposition upon written questions" posed to the members of the State Police is DENIED, as discussed above. As the motion to compel itself does not appear to have been served upon any representative of the State or the State Police, a courtesy copy of this ruling will be sent to the Office of the Attorney General.

Appellant's motion to compel answers to the "deposition upon written questions" posed to Mr. Stout will be treated as if the questions were posed as written interrogatories, and is GRANTED in PART as discussed above. On or before April 10, 2008, Appellee-Applicant shall file a proposed schedule with the Court stating when the answers from Mr. Stout will be provided, in the form of sworn answers to interrogatories. Appellee-Applicant shall also file a certificate of service with the Court when those answers have in fact been mailed to Appellant. If Appellant believes that the answers provide a basis for asking the Court for relief from the February 20, 2008 decision and order on summary judgment, and files such a motion under V.R.C.P. 60(b), the Court will consider it at that time.

The February 20, 2008 decision and order, as amended, and the accompanying judgment order, remain in effect and this appeal remains concluded.

Done at Berlin, Vermont, this 3rd day of April, 2008.

_____

Merideth Wright
Environmental Judge