VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-341



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2024

| | |
|---|---|
| David LeBlanc\* v. Estate of Robert Snelgrove   } | APPEALED FROM: |
| } | |
| } | Superior Court, Orleans Unit, Civil Division |
| } | CASE NO. 339-12-08 Oscv |
| | Trial Judge: Daniel Richardson |

In the above-entitled cause, the Clerk will enter:

Plaintiff David LeBlanc appeals the trial court's decision awarding summary judgment in favor of defendant, the Estate of Robert Snelgrove.[1]  We affirm.

The following facts were undisputed for purposes of summary judgment.  This dispute involves two neighboring properties on Lake Memphremagog in Newport, Vermont.  Plaintiff's parents Herman and Lucienne LeBlanc acquired the southerly parcel in 1963.  They later transferred title to the parcel to their four children—Jacques LeBlanc, James LeBlanc, Christine LeBlanc Fortin, and David LeBlanc—as tenants in common.[2]  In 1999, Robert Snelgrove purchased the parcel to the north of the LeBlanc property.

The boundary between the two properties ran along the southerly edge of a boathouse on Snelgrove's property, which sat over a stream that drained into the lake.  In 2006, Snelgrove tore down the boathouse and built a new boathouse to the north and east of the original site.  As part of the project, Snelgrove constructed concrete retaining walls and a sluiceway to direct the stream around the new boathouse and into the lake.  Part of a retaining wall extended onto the LeBlanc property.  Snelgrove asserted that this work was necessary to prevent the LeBlanc lands from eroding into the stream, and constituted an improvement to their property.  Snelgrove further asserted that his contractor communicated the plans to Herman and other LeBlanc family members, and no one objected at the time.

In 2008, Herman and his four children filed this action seeking damages from defendant.  They alleged that the new boathouse encroached on their property, that Snelgrove had cut off a

---

[1]  The original complaint named Robert Snelgrove as the defendant.  After Snelgrove died in 2021, his estate was substituted as the defendant.

[2]  Because plaintiff's father and most of his siblings share the same last name, we refer to them by their first names in this opinion for clarity.  No disrespect is intended thereby.

water pipe leading from a spring to the LeBlanc property, and that the construction had caused drainage to flow onto their property. They asserted claims of unlawful mischief, ejectment, and trespass, and sought damages and injunctive relief. Snelgrove counterclaimed, seeking a declaratory judgment that he owned the boathouse and portions of the retaining walls, as well as damages for trespass against Herman.

In 2013, the court dismissed Herman as a plaintiff in this action, concluding that he lacked standing because he had transferred ownership to his children, but Herman remained a defendant in relation to Snelgrove's counterclaims. The court subsequently held a bench trial on the boundary, spring, and encroachment issues. The court determined that the boathouse and northern retaining wall were on Snelgrove's property and that an easement in favor of Snelgrove's property permitted the construction of the southerly retaining wall on the LeBlanc property. In a subsequent jury trial, the jury awarded damages to Snelgrove for trespass. Both parties appealed to this Court. In a 2015 decision, we affirmed the boundary-line decision and the judgment in favor of Snelgrove on Snelgrove's claims against Herman, but reversed the court's conclusions regarding the easement and remanded for retrial of the LeBlancs' ejectment, trespass, and unlawful-mischief claims. LeBlanc v. Snelgrove, 2015 VT 112, ¶ 47, 200 Vt. 570.

Meanwhile, in 2013, Jacques died. His estate did not enter an appearance in the case and he was eventually dismissed as a plaintiff. In 2015 and 2016, Jacques's widow and David's other two siblings, James and Christine, each sold their interests in the LeBlanc parcel to Snelgrove. James and Christine were dismissed from the case as a result. In October 2015, David transferred his title in the property back to Herman, who held it until the court ordered it transferred to Snelgrove in a separate partition proceeding. The trial court determined in a 2020 order that David was the sole remaining plaintiff in this case and his claims were limited to damages that occurred between 2006 and 2015, when he owned an interest in the LeBlanc parcel. It appears from the record that David was self-represented by this point.

In May 2023, David moved to amend the complaint to add a claim for conversion of personal property and to consolidate the case with another trespass proceeding that was filed by Snelgrove in 2017. The court denied the request for consolidation as moot because it had entered a final judgment in the other proceeding. It denied David's request to amend the complaint because he had an opportunity to raise his personal-property claim in the partition action and was therefore precluded from raising it again.

Snelgrove's estate then moved for summary judgment on David's remaining claims, arguing that David had failed to prove any damages resulting from the construction of the retaining wall. David opposed the motion, asserting that he was never notified about the 2013 trial and that the trial court violated his and his father's right to a jury trial. He argued that portions of the retaining wall and sluiceway were undisputedly on the LeBlanc property. David did not identify any facts that were in dispute or point to any portions of the record supporting his claims for damages.

The court concluded that Snelgrove's estate was entitled to summary judgment. David had asserted in response to discovery requests that he had suffered the following damages: emotional distress from the litigation in the amount of $100,000; emotional distress from seeing the stream compromised in the amount of $500,000; expenses associated with traveling from his home in Montana to Vermont for the litigation in the amount of $50,000; loss of his and his father's personal property totaling $100,000; and trespass from 2008 to 2019 totaling $250,000. The court ruled that David could not assert damages on behalf of his father, who was not a

plaintiff in the action. It further held that damages for emotional distress were not available in a trespass action. The court denied David's claim for personal property as barred by the partition action. It denied the motion for costs as premature because the court had not yet determined the prevailing party. As for the claim of damages for trespass, it concluded that David had failed to support his claim with any evidence, and therefore denied that as well. Because David failed to demonstrate a genuine dispute of fact that could be a basis for relief at trial, the court granted summary judgment to Snelgrove's estate. David appealed the court's decision.

In his appellate briefs, David primarily argues that there was a conspiracy by the various attorneys he and his family retained in this matter to deny the family of their rights, that he was never notified by his attorneys of the trial or various other events in the case, and that the judge in the separate partition action acted improperly. David's claims regarding his attorneys' conduct towards him, and the actions of a judge in a different case, are irrelevant to the question of whether the trial court appropriately granted summary judgment here. We therefore do not address them.

David also argues that it was inappropriate on this record for the trial court to award summary judgment to Snelgrove's estate. We review a motion for summary judgment de novo using the same standard as the trial court. Provost v. Fletcher Allen Health Care, Inc., 2005 VT 115, ¶ 10, 179 Vt. 545 (mem.). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When determining whether a genuine dispute of fact exists, we give the nonmoving party "the benefit of all reasonable doubts and inferences," and "accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." Gates v. Mack Molding Co., 2022 VT 24, ¶ 13, 216 Vt. 379 (quotations omitted).

David asserted claims of unlawful mischief, ejectment, and trespassing. Each of these claims required him to prove damages resulting from the trespass or encroachment. See LeBlanc, 2015 VT 112, ¶ 58 (stating that proof of actual damages is required for unlawful mischief claim); Kellogg v. Shushereba, 2013 VT 76, ¶ 23, 194 Vt. 446 (explaining that measure of damages under action for ejectment is "mesne profits," meaning "the pecuniary gains and benefits received by the disseizor during his unlawful occupancy" (quotation omitted)); Bean v. Sears, Roebuck & Co., 129 Vt. 278, 282 (1971) (stating that damages for continuing trespass are typically measured based on "variance in value of the property before and after the injury").

In its summary-judgment motion, Snelgrove's estate provided evidence tending to show that there was no diminution in value of the LeBlanc parcel resulting from the construction of the retaining wall and that the wall had instead improved the property by reducing erosion and leveling a previously unusable area. The estate further asserted that there was no evidence to establish damages under any of David's theories. Consistent with the summary-judgment rule, the estate provided a statement of undisputed material facts with citations to evidence that would be admissible at trial. V.R.C.P. 56(c). David failed to specifically deny any of these facts or cite any portions of the record that demonstrated a factual dispute. See id.; White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (explaining that party asserting that facts are in dispute must support allegations with affidavits or other evidentiary material). Nor did David provide any evidence to support his claimed damages.

"Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to

support the nonmoving party's case." <u>Ross v. Times Mirror, Inc.</u>, 164 Vt. 13, 18 (1995). "To survive a defendant's motion for summary judgment, the plaintiff must respond with specific facts to raise a triable issue and demonstrate sufficient admissible evidence to support a prima facie case." <u>Gates</u>, 2022 VT 24, ¶ 14. David failed to meet this burden. The trial court therefore properly awarded summary judgment to Snelgrove's estate. See <u>Gore v. Green Mountain Lakes, Inc.</u>, 140 Vt. 262, 266 (1981) ("Allegations alone cannot create triable issues of fact.").

To the extent David argues that the summary-judgment decision improperly deprived him of his right to a jury trial, his claim lacks merit. "[W]here a plaintiff has an available remedy at law but fails to prove an element of his or her case, it is plaintiff's own failure, rather than constitutionally suspect action by the trial court, that forecloses a remedy." <u>Mello v. Cohen</u>, 168 Vt. 639, 640 (1998) (mem.). The right to a jury trial does not preclude a court from entering summary judgment where there is no genuine factual dispute for a jury to decide. <u>Id</u>.

<u>Affirmed</u>.

BY THE COURT:

_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice