Vermont Superior Court
Filed 10/16/24

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03438

Christopher White v. Anne Brereton, et al

## Opinion and Order on Motion for Summary Judgment

Plaintiff's remaining claim in this case asserts that Defendant Brereton failed to obtain proper informed consent from him regarding an aspiration procedure performed on a bursa in his arm. He sues Defendant Brereton and her employer for that alleged medical error. The Court previously dismissed his direct medical malpractice claims against Defendants regarding the procedure. Defendants have now filed a motion for summary judgment as to the informed-consent claim, which Plaintiff has opposed. The Court makes the following determinations.

## Standard

Summary judgment procedure is properly regarded as "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c), shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Vt. R. Civ. P.

1

56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994). In assessing a motion for summary judgment, the Court views all such evidence and indulges all inferences from that evidence in favor of the non-moving party. *Price v. Leland*, 149 Vt. 518, 521 (1988).

A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts or affidavits to establish such a dispute as required by the Rule. *Murray v. White*, 155 Vt. 621, 628, (1991). If the non-moving party will bear the burden of proof at trial, the moving party may be entitled to summary judgment if the non-moving party is unable to come forward with evidence supporting its case. *Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989).

In this case, Defendants have moved for summary judgment and has supported that request as provided in Vt. R. Civ. P. 56. Plaintiff has opposed the motion but has not submitted a statement of disputed facts that may warrant a trial and otherwise follow the command of Rule 56, despite being informed of the need to do so. Accordingly, pursuant to Vt. R. Civ. P. 56(c)(2) and (e)(2), the Court accepts Defendants' statement of undisputed facts as established for purposes of this motion.

<u>Analysis</u>

Defendants' primary argument is that Plaintiff cannot meet an essential element of his case because he lacks any expert evidence that can establish that Defendant Brereton

2

failed to obtain informed consent[1] for the aspiration procedure concerning his elbow. They maintain that such a claim, similar to one asserting a violation of a medical standard of care, requires Plaintiff to provide an expert medical opinion to support his cause of action. They assert that Plaintiff has not provided a medical expert, the time to name one has long since passed, and the failure to provide such evidence is fatal to Plaintiff's case. The Court agrees.

The Vermont Legislature and the Supreme Court have been explicit that most claims regarding a failure to obtain informed consent for a procedure require expert testimony. *Mello v. Cohen*, 168 Vt. 639, 640 (1998); *Noyes v. Gagnon*, No. 2007-311, 2008 WL 2811231 at *1 (Vt. Feb. 1, 2008) (3–Justice Opinion); 12 V.S.A. § 1909(e). Section 1909 specifically states:

> A motion for judgment for the defendant at the end of plaintiff's case must be granted as to any cause of action for medical malpractice based solely on lack of informed consent if the plaintiff has failed to adduce expert medical testimony in support of the allegation that he or she was not provided sufficient information as required by subsection (a)(1) of this section

12 V.S.A. § 1909(e).

Here, Plaintiff agrees that he has no expert to support his claim and, at times, appears to have agreed that such testimony is needed. He opposed summary judgment but has not countered Defendants' statement of facts, which the Court has accepted for purposes of this motion. Those facts establish that Plaintiff sought treatment from Defendant Brereton for an abscess on his elbow; that Defendant Brereton recommended an aspiration procedure to him; that he was informed of the risks of the aspiration procedure by Defendant Brereton prior to the procedure; that he reviewed an informed consent form

---

[1] The Court has already dismissed Plaintiff's claims for medical malpractice. Much of the opposition strays into discussions that would only be relevant to such claims.

regarding the procedure; that he executed the informed consent form indicating he had been advised of the risks of the procedure, alternatives, and the risks and benefits of the procedure (among other things); and that Defendant Brereton performed the procedure.

To the extent Plaintiff's opposition seeks to argue that informed consent required something more or different from what was given under the particular circumstances of his procedure, the Court concludes that claim requires the support of a medical expert. Such a cause of action necessarily involves delving into the nuances of the particular procedure, the specific risks presented, and whether additional information or discussions of other alternatives or issues was warranted in that instance. Assessing those types of assertions require input from persons specially educated and skilled in the medical field. Such matters are simply not within the understanding of lay persons. *Accord Mello*, 168 Vt. at 640 (informed consent needed to treat tongue lesions involves "technical" medical issues requiring expert opinion); *see also Jones v. Block*, 171 Vt. 569, 569 (2000); *Senesac v. Associates in Obstetrics & Gynecology*, 141 Vt. 310, 313 (1982); *Begin v. Richmond*, 150 Vt. 517, 520 (1988); *Larson v. Candlish*, 144 Vt. 499, 502 (1984); (all noting that standard medical malpractice cases typically require plaintiffs to adduce expert medical testimony in support of their claims).

A potential exception to the expert-evidence rule exists where the violation of informed consent would be obvious to a lay person. While Section 1909(e) does not mention such an exception, *Noyes*, No. 2007-311, 2008 WL 2811231, at \*2, appeared to apply it in this context; and such an approach makes sense. The exception is a narrow one, however, and applies only to the most obvious of medical errors. *Cf. Crystal Coca-Cola Bottling Co. v. Cathey*, 317 P.2d 1094, 1100 (Ariz. 1957) (jury "does not require the aid of expert medical evidence in order to determine that the discovery of a fly in a mouthful of Coca-Cola caused the vomiting which immediately followed the discovery"). It does not apply here.

4

In this case, as noted above, Plaintiff's claims as to lack of informed consent are granular and require the type of "technical" analysis that can only be provided by a medical expert. Such matters are well beyond the ken of lay jurors to determine without the benefit of expert testimony.

Conclusion

In light of the foregoing, Defendants' motion for summary judgment is granted.

Electronically signed on Tuesday, October 15, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge